# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

### Civil Action No. 4:22-cv-00249

DIVYA GADASALLI, an individual,

     Plaintiff,

v.

JERRY BULASA, an individual;
DONG LIAN, an individual; DANYUN LIN, an individual;
TD BANK, N.A., a national banking association;
ABACUS FEDERAL SAVINGS BANK, a federal savings bank;
BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; and
POLONIEX, LLC, a Delaware limited liability company;

     Defendants.

_____/

## EMERGENCY MOTION FOR
## TEMPORARY RESTRAINING ORDER WITHOUT NOTICE
## AGAINST DEFENDANT JERRY BULASA

Plaintiff DIVYA GADASALLI, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 65(b) as well as Local Rule CV-7(l), hereby respectfully requests that this Court enter without notice to Defendant JERRY BULASA, an individual ("Defendant BULASA"), a Temporary Restraining Order (TRO) against him freezing his assets -- including certain cryptocurrency accounts at BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company ("BINANCE"); and POLONIEX, LLC, a Delaware limited liability company ("POLONIEX"); and any Cryptocurrency Wallet Addresses (defined below) maintained or controlled by Defendant BULASA, for him, or by/for any entity under his control.

In support of the request for a TRO herein, Plaintiff alleges as follows:

## FACTUAL BACKGROUND

This action arises from a highly-sophisticated and fraudulent paramour scheme -- a "sha zhu pan" or "pig butchering" scam -- that sought to, and ultimately did, steal from Plaintiff a sum greater

than Eight Million Dollars ($8,000,000.00). "Sha zhu pan" is a Chinese phrase that is translated to English as "pig butchering" to describe the process in which the offender builds a relationship with the victim over months -- frequently romantic, in which the offender showers the victim with messages of love and affection to emotionally "fatten them up" -- similar to fattening a pig, before enticing the victim to invest in a fake company and, metaphorically, slaughtering the victim. Plaintiff was victimized by such a scam.

After meeting online on popular dating service Tinder and communicating frequently via the multi-platform messaging app WhatsApp, Plaintiff and Defendant BULASA sparked and built what appeared to Plaintiff to be a deeply-held affection for, and interest in, one another. As their relationship progressed and Plaintiff's trust in Defendant BULASA grew deeper, Defendant BULASA -- with false promises of romance and of financial prosperity through cryptocurrency investments -- induced from Plaintiff monetary transfers with financially devastating results. In all, Defendant BULASA induced from Plaintiff monetary transfers in a total sum that exceeds Eight Million Dollars ($8,000,000.00).

To effectuate his scheme, Defendant BULASA enlisted Defendants DONG LIAN and DANYUN LIN to assist in receiving from Plaintiff fraudulently procured wire transfers to bank accounts Defendants LIAN and LIN maintained at TD BANK, N.A. and ABACUS FEDERAL SAVINGS BANK -- wire transfers that were ultimately placed under Defendant BULASA's control. Plaintiff, based on Defendant BULASA's representations and advice, wired Three Hundred Ninety-Six Dollars ($396,000.00) to bank accounts at TD BANK and ABACUS BANK purportedly maintained or controlled by Defendants DONG LIAN and DANYUN LIN -- who Defendant

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

BULASA told Plaintiff were investors with whom he worked who already held cryptocurrency in accounts Defendant BULASA oversaw[1], thusly:

| DATE OF WIRE TRANSFER | BANK | BANK ACCOUNT TO WHICH FUNDS WERE WIRED | PAYEE | AMOUNT TRANSFERRED |
|---|---|---|---|---|
| May 13, 2021 | TD Bank | ***8000 | Dong Lian | $10,000.00 |
| May 15, 2021 | Abacus Federal Savings Bank | ***0334 | Dong Lian | $86,000.00 |
| May 26, 2021 | Abacus Federal Savings Bank | ***0334 | Dong Lian | $100,000.00 |
| June 2, 2021 | TD Bank | ***2161 | Danyun Lin | $200,000.00 |
| | | TOTAL | | $396,000.00 |

In return for the funds wired to them, Defendant LIAN and Defendant LIN transferred to Plaintiff cryptocurrency, which she then forwarded to a cryptocurrency account controlled by Defendant BULASA so he could invest it in accordance with his purported cryptocurrency expertise. Under Defendant BULASA's guidance, Plaintiff also opened a cryptocurrency account at U.S.-based cryptocurrency exchange Coinbase which she funded with additional family monies that were used to purchase cryptocurrency that was subsequently transferred to cryptocurrency investment firm accounts operated by Defendant BULASA.

In addition to the May 2021 and early-June 2021 bank wire transfers to Defendant LIAN and Defendant LIN, Plaintiff funded her Coinbase account with approximately Six Million Dollars ($6,000,000.00); used those funds to purchase cryptocurrency, and then sent that cryptocurrency to an investment account allegedly created for Plaintiff that was overseen by Defendant BULASA. Plaintiff has since learned that the account into which Defendant BULASA purported to be storing

---

[1] Upon information and belief, Defendant BULASA, Defendant LIAN, and Defendant LIN might be the same person or, in the alternative, are three individuals who conspired with one another to perpetrate the fraud upon Plaintiff detailed herein.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

Plaintiff's cryptocurrency is a fake cryptocurrency exchange that served as an engine of theft for Defendant BULASA -- providing him a mechanism to proffer Plaintiff false account statements and real-time values of cryptocurrency markets on legitimate exchanges that masked the fraudulent scheme Defendant BULASA was perpetrating upon Plaintiff.

While transferring to Defendant BULASA approximately Two Million Dollars ($2,000,000.00) more in fiat currency and cryptocurrency assets, Defendant BULASA provided Plaintiff a series of excuses alleging that obstacles beyond his control were encumbering Plaintiff's assets and preventing her from accessing those assets. In truth, those obstacles were devised by Defendant BULASA to obfuscate his activities and create both time and distance between himself and Plaintiff so he could abscond with her assets.

Through blockchain analytics tracing the path of Plaintiff's cryptocurrency assets, it has become apparent that Defendant BULASA has filtered through multiple cryptocurrency exchanges and wallets -- all without Plaintiff's knowledge or authorization -- nearly all if not all of the assets he stole from Plaintiff. Among the cryptocurrency exchange addresses/wallet addresses that have thus far been identified are the following:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|----------|---------------------|------------|------------------------------------------------------------------------------------------------------------|
| 1 | Binance | 9ea12866d4b69b347ffff084fc4bb3b97cc4d4b4 | USDT | 351,456.322587 |
| 2 | Binance | f52fb20441641e2c446c7db9c2ebee9b80611679 | USDT | 138,928.623847 |
| 3 | Binance | 1838f42bc8e28f0799e21501620e5a93dd32f107 | USDT | 126,574.190249 |
| 4 | Binance | 9c9ba31722261aced59373b53cf567ca96243f57 | USDT | 105,389.848449 |
| 5 | Binance | 2944f6937dcf1ef0b4a005619a35c2e4757bcee0 | USDT | 98,964.245785 |
| 6 | Binance | e42bee8902895f6f228e1b20e40a7d410ff508bf | USDT | 93,679.797809 |
| 7 | Binance | b22270560cdec8cf281ea6f87c14cb24037421be | USDT | 89,273.852767 |

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

| 8 | Binance | e15ba3e0824f97f4b0f841cf030021097eaf2108 | USDT | 87,098.577482 |
|---|---------|------------------------------------------|------|----------------|
| 9 | Binance | 497025d44131d4a261705368f8c1cf4b6025897a | USDT | 58,462.166853 |
| 10 | Binance | 7f90ef04ba3ed5b1f7908d8e0463a6975227d4f8 | USDT | 18,795.819565 |
| 11 | Binance | 1a2893432d0615a0764a311b5d2a6062dc212c9d | USDT | 18,717.887253 |
| 12 | Binance | 5e65b32ee4f6a63a0678a43f9439eb421457d950 | USDT | 13,903.728216 |
| 13 | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 8,402.510102 |
| 14 | Binance | 430ddd14ad41c97dd09d8df94e00f3eb65b7c694 | USDT | 4,877.660928 |
| 15 | Binance | 44a11506b275dc619a1c5a20dc8969ea305c8dd7 | USDT | 4,391.864424 |
| 16 | Binance | 88dfbd93f509d0b3dcbfd86ee9d6d036ca199ea5 | USDT | 4,212.498994 |
| 17 | Binance | 1fe77c00c81e32c50494e2c73a1ce945dd7215a0 | USDT | 3,908.191703 |
| 18 | Binance | 7db77e4c967c95a5a9e2ec57ec21788dab481893 | USDT | 2,281.305709 |
| 19 | Binance | 6d6ab7dbc46ab652eaf4b09827e0de9cc18bc364 | USDT | 1,406.698380 |
| | | | TOTAL | 1,230,725.791102 USDT |

| 1 | Poloniex | 1ArN6zUiCYuyQVrujb5iMUvBXw7HxzYjPo | BTC | 10.11113414 |
|---|----------|-----------------------------------|-----|-------------|
| 2 | Poloniex | 14kahPazCQEyEwKmeR5JG8mZh66W9caQqe | BTC | 7.50000000 |
| 3 | Poloniex | 1LQ9Mrbvdv5QFe5Pdzw7sTxHexkpRoHmMN | BTC | 7.312601758 |
| 4 | Poloniex | 12XwnGBjU6Hp4ecVv61tRDSGdW3SXkt8CP | BTC | 6.920274378 |
| 5 | Poloniex | 1CCNdKHhqtdK4ZauZ7PWgFvDBpZ59MXjP2 | BTC | 6.11926921 |
| 6 | Poloniex | 17Z3S2pfJGQj6QH39j1UPfoGJJ2kqkWSem | BTC | 4.45347371 |
| 7 | Poloniex | 13mLXtUtSkvPqU8qAv81njLSwe4DAnCrPR | BTC | 2.976871542 |
| 8 | Poloniex | 1Ko5ntJvnGhUYfTmseFJxBuereCi6TFTfp | BTC | 0.51755494 |
| | | | TOTAL | 45.91117968 BTC[2] |

---

[2] As of the date of this filing, 45.91117968 BTC are valued at approximately $2,203,736.62 USD ($48,000.00 per BTC).

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

| # | CRYPTOCURRENCY WALLET ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|
| 1 | 365aca59aeb17df6e3a76ec2bdbefe9983f586c5 | USDT | 210,075 |
| 2 | e71010a991fff28c221dfb2aca207c129ff9cf1b | USDT | 86,695.1041952 |
| 3 | 6cca6bde94ad75bfb1e21720677ae9c1f296f607 | USDT | 53,522 |
| 4 | cdce3f15ecb6da711700994fa7c838e45f107f24 | USDT | 49,354.6025112 |
| 5 | f7b7a705d7ac47452eaaff796601271bfc42c43a | USDT | 41,678.0702184 |
| 6 | 3b53e49200546344d7bb31a334e24421a3cb4451 | USDT | 22,359.9849322 |
| 7 | 98022e367dceb0a25317f0e68b949ad3bd7a3571 | USDT | 18,591.4968140 |
| 8 | 2dd59e945a3c036444e37f31d3b2f001d93eefb1 | USDT | 17,020.0423440 |
| 9 | 5fcad1e9ffdc4f207dfe7f0cfdb67d286b0b0162 | USDT | 16,282.1040658 |
| 10 | 7d65a55862aa569f96e31e50c4e6def0b34f05ed | USDT | 7,403.3527816 |
| 11 | 6af4eba5f8b339512960ebef11e02815c42b8c00 | USDT | 5,352.8389960 |
| 12 | 4d27a8e567e4f7b51d1a07ff0cc032d78b0d43d0 | USDT | 3,141.6391760 |
| 13 | 3cb3c884b033fc0dd22c2c8439edd9eeece8818c | USDT | 1,690.8607544 |
| 14 | 12a2dfcac61118e26197ed1a581099faf4dc16e2 | USDT | 655.0425430 |
| 15 | a21675225d76975635cea38b70e874f0a685bf1d | USDT | 414.5838890 |
| 16 | e01d86cf1fa41d6d5d685b3c13555c79fc3aa798 | USDT | 15.9851010 |
| 17 | 5ea54787b09bc81c191a4037f36313d82e407a64 | USDT | 6.3173528 |
| 18 | a2193eb903a185ae3afd05ef461687a221e04adb | USDT | 4.4477338 |
| 19 | 3e362670c657b6e45e792510cd57980466f09194 | USDT | 0.1941922 |
| | | TOTAL | 534,263.6676006 USDT |

As a result of the foregoing scheme, Plaintiff has lost over $8,000,000.00 and is left trying to get answers from Defendant BULASA, Defendant LIAN, and Defendant LIN; who are unwilling to help Plaintiff uncover where her funds are or where they went after they left Plaintiff's control.

Given these facts, Plaintiff commenced this action and is entitled to a Temporary Restraining Order freezing Defendant BULASA's assets -- including any cryptocurrency exchange accounts

owned or controlled by Defendant BULASA that are tied to the BINANCE Destination Addresses, the POLONIEX Destination Addresses, and any Cryptocurrency Wallet Addresses maintained by Defendant BULASA, for him, or by any entity under his control -- to preserve the *status quo ante* pending the outcome of this litigation.

## LEGAL ARGUMENT

### I.   Rule 65 Permits Entry of a Temporary Restraining Order Without Notice

1.       Rule 65 permits this Court to enter a Temporary Restraining Order without notice to the adverse parties if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition."[3]  Further, the movant's counsel must certify in writing "any efforts made to give notice and the reasons why it should not be required."[4]

2.       As to the first prong of Rule 65(b)(1), the sworn Declaration Plaintiff has filed in support hereof shows the likelihood of immediate and irreparable injury or loss.  Plaintiff was clearly defrauded and robbed by Defendant BULASA; and the stone wall of obfuscation that has been erected by anonymous nature of cryptocurrency transactions significantly inhibits Plaintiff's ability to trace her stolen funds or even identify Defendant BULASA by his proper legal name at this point.

3.       By freezing Defendant BULASA's assets -- including any accounts at BINANCE and POLONIEX and any secondary cryptocurrency addresses to which Defendant BULASA transferred any portion of the funds stolen from Plaintiff -- Plaintiff will have a foothold in her arduous climb to recovering her stolen money before Defendant BULASA can further transfer it beyond Plaintiff's reach.

---

[3] Fed.R.Civ.P. 65(b)(1)(A).

[4] Fed.R.Civ.P. 65(b)(1)(B).  *See also*, *Mesa v. Wells Fargo Bank, N.A.,* 2017 WL 9285517 at *1 (E.D. Tex. Sept. 1, 2017).

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

4.     With regard to the second prong of Rule 65(b)(1), a TRO is warranted without notice to Defendant BULASA.  Defendant BULASA's proper legal name is unknown at this point, and only through expedited discovery to Defendants TD BANK, ABACUS BANK, BINANCE, and POLONIEX (the subject of a motion filed simultaneously herewith) might Plaintiff be able to uncover Defendant BULASA's name and a location -- either physical or electronic -- at which he can be apprised of the charges brought against him in this lawsuit so he may defend himself against those charges, if he so chooses.

## II.     The Court Can Issue an Injunction to Freeze Assets in this Action for Equitable Relief

5.     Under the general rule, federal courts lack the authority to freeze assets of a defendant before the claims have been brought to judgment.  *See*, *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 322 (1999).  However, when the plaintiff is seeking equitable relief, as opposed to merely legal damages, a district court may order a preliminary injunction to secure an equitable remedy and "an asset freeze by preliminary injunction is an appropriate method to assure the meaningful, final equitable relief sought." *Federal Sav. & Loan Ins. Corp. v. Dixon,* 835 F.2d 554, 561 (5th Cir. 1987). In *Dixon*, the Fifth Circuit specifically noted that "once a plaintiff establishes an equitable cause of action, the district court may use its full equitable powers to grant appropriate preliminary relief as well." *Id.* At 562.

6.     Moreover, Rule 64 of the Federal Rules of Civil Procedure provides that when state law authorizes a prejudgment remedy to secure assets subject to a plaintiff's state law claims, state law governs such relief.  Rule 64, Fed.R.Civ.P.; *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70*, 415 U.S. 423, 436 n. 10 (1974).

7.     Here, Plaintiff seeks equitable relief in addition to her legal remedies and is entitled to an injunction to maintain the *status quo* until the claims in the Complaint can be resolved.  Amongst other claims and remedies sought, Plaintiff alleges violations of numerous common law torts

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

(fraudulent inducement, negligent misrepresentations, conversion, and civil conspiracy) and requests relief in the following form of equity:

- An Order imposing **a constructive trust** to be effectuated by Defendant TD BANK AND ABACUS BANK and full disgorgement of all funds in TD BANK's and ABACUS BANK's possession, custody, or control that were wrongfully misappropriated, converted, and stolen from Plaintiff.

- the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently held by Defendant BULASA, an individual, in any cryptocurrency exchange accounts owned or controlled by Defendant BULASA that are tied to the BINANCE Destination Addresses, the POLONIEX Destination Addresses, and any Cryptocurrency Wallet Addresses maintained by Defendant BULASA, for him, or by any entity under his control; and [entry of an Order] that the wrongfully obtained property be restored to Plaintiff.

8.     Additionally, with regard to the claim for imposition of a constructive trust, Texas courts have authorized equitable injunctive relief to secure the assets subject to the claim. *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 210 (Tex. App. 2014)

9.     Accordingly, Plaintiff is entitled to a Temporary Restraining Order if the other requirements for a Temporary Restraining Order have been met.  For the reasons described below, Plaintiff is entitled to such relief.

### III.    A Temporary Restraining Order Is Appropriate to Prevent Immediate and Irreparable Harm

10.     The standard for issuing a Temporary Restraining Order is identical to the standard for issuing a preliminary injunction. See *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). In considering a Temporary Restraining Order or preliminary injunction, the Court must consider the following: (1) the substantial likelihood that the plaintiff will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) whether the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *Id.* At 993. As shown below, Plaintiff satisfies each element of that standard.

- 9 -

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

IV.     **Plaintiff Has a Substantial Likelihood of Success on the Merits of Her Claims**

11.     The harms alleged in the Complaint, as well as the facts set forth in the declaration executed by Plaintiff, make clear that Plaintiff was victimized by Defendant BULASA, Defendant LIAN, and Defendant LIN who – through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency and fiat currency, which in equity and good conscience they should not be permitted to hold.

12.     Based on that fraudulent behavior, Plaintiff has asserted claims for: (1) fraudulent inducement, (2) negligent misrepresentation, (3) conversion, and (4) civil conspiracy.

13.     Moreover, any and all monies being held by TD BANK and ABACUS BANK must be held in a constructive trust for Plaintiff's benefit, as neither Defendant BULASA nor Defendant LIAN or Defendant LIN is entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

14.     Further, any and all cryptocurrency assets held in any cryptocurrency exchange accounts owned or controlled by Defendant BULASA that are tied to the BINANCE Destination Addresses, the POLONIEX Destination Addresses, and any Cryptocurrency Wallet Addresses maintained by Defendant BULASA, for him, or by any entity under his control to which Defendant BULASA transferred any portion of the funds stolen from Plaintiff must be held in a constructive trust for Plaintiff's benefit, as Defendant BULASA is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

15.     In light of the foregoing, there is a high likelihood Plaintiff will succeed on her claims.

16.     As for Plaintiff's request that a constructive trust be applied, Texas law provides that a constructive trust is "an equitable remedy created by the courts to prevent unjust enrichment." *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex.App.-Dallas 2006).  To impose a constructive trust, the proponent

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

must prove the following: (1) breach of a special trust, fiduciary relationship, or actual fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing to an identifiable res. *Id.*

17.     As explained above, Defendant BULASA solicited and/or accepted from Plaintiff large sums of funds while withholding from Plaintiff certain material facts that, if disclosed, would have prevented the fraudulent scheme enacted by Defendant BULASA, Defendant LIAN, and Defendant LIN from perpetuating itself to the detriment of Plaintiff.  Plaintiff submits that actual fraud, abuse of confidence reposed and accepted, and other highly questionable means were employed by these defendants; and equity and good conscience should not permit Defendant BULASA, Defendant LIAN, and Defendant LIN to continue holding the spoils of their scheme.

18.     Moreover, through blockchain analytics following the path of Plaintiff's stolen cryptocurrency assets, one can trace the stolen assets to an identifiable res.

19.     As such, success on the merits of Plaintiff's common law claims is very likely.

**V.     Plaintiff Will Suffer Irreparable Harm if Defendant Bulasa Is Not Enjoined**

20.     There is a significant risk that  Defendant BULASA may dissipate the money stolen from Plaintiff or simply transfer those funds into untraceable cryptocurrency accounts or to offshore entities organized in unknown locations.

21.     Considering the unreliability and past fraudulent tactics Defendant BULASA has displayed, it is imperative to freeze Defendant BULASA's assets, including any cryptocurrency exchange accounts owned or controlled by Defendant BULASA that are tied to the BINANCE Destination Addresses, the POLONIEX Destination Addresses, and any Cryptocurrency Wallet Addresses maintained by Defendant BULASA, for him, or by any entity under his control, to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiff.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

22.     Considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze Defendant BULASA's assets to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiff.

23.     In fact, Plaintiff has already discovered through cryptographic tracing that the following assets have been transferred by Defendant BULASA or someone believed to be acting at his behest as recently as the date of filing this motion:

| | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|---|
| 1 | Binance | 9ea12866d4b69b347ffff084fc4bb3b97cc4d4b4 | USDT | 351,456.322587 |
| 2 | Binance | f52fb20441641e2c446c7db9c2ebee9b80611679 | USDT | 138,928.623847 |
| 3 | Binance | 1838f42bc8e28f0799e21501620e5a93dd32f107 | USDT | 126,574.190249 |
| 4 | Binance | 9c9ba31722261aced59373b53cf567ca96243f57 | USDT | 105,389.848449 |
| 5 | Binance | 2944f6937dcf1ef0b4a005619a35c2e4757bcee0 | USDT | 98,964.245785 |
| 6 | Binance | e42bee8902895f6f228e1b20e40a7d410ff508bf | USDT | 93,679.797809 |
| 7 | Binance | b22270560cdec8cf281ea6f87c14cb24037421be | USDT | 89,273.852767 |
| 8 | Binance | e15ba3e0824f97f4b0f841cf030021097eaf2108 | USDT | 87,098.577482 |
| 9 | Binance | 497025d44131d4a261705368f8c1cf4b6025897a | USDT | 58,462.166853 |
| 10 | Binance | 7f90ef04ba3ed5b1f7908d8e0463a6975227d4f8 | USDT | 18,795.819565 |
| 11 | Binance | 1a2893432d0615a0764a311b5d2a6062dc212c9d | USDT | 18,717.887253 |
| 12 | Binance | 5e65b32ee4f6a63a0678a43f9439eb421457d950 | USDT | 13,903.728216 |
| 13 | Binance | 70fc0e221578f6d47f958cfa2bff1f9320bc6eec | USDT | 8,402.510102 |
| 14 | Binance | 430ddd14ad41c97dd09d8df94e00f3eb65b7c694 | USDT | 4,877.660928 |
| 15 | Binance | 44a11506b275dc619a1c5a20dc8969ea305c8dd7 | USDT | 4,391.864424 |
| 16 | Binance | 88dfbd93f509d0b3dcbfd86ee9d6d036ca199ea5 | USDT | 4,212.498994 |
| 17 | Binance | 1fe77c00c81e32c50494e2c73a1ce945dd7215a0 | USDT | 3,908.191703 |
| 18 | Binance | 7db77e4c967c95a5a9e2ec57ec21788dab481893 | USDT | 2,281.305709 |
| 19 | Binance | 6d6ab7dbc46ab652eaf4b09827e0de9cc18bc364 | USDT | 1,406.698380 |
| | | | TOTAL | 1,230,725.791102 USDT |

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

| 1 | Poloniex | 1ArN6zUiCYuyQVrujb5iMUvBXw7HxzYjPo | BTC | 10.11113414 |
|---|---|---|---|---|
| 2 | Poloniex | 14kahPazCQEyEwKmeR5JG8mZh66W9caQqe | BTC | 7.50000000 |
| 3 | Poloniex | 1LQ9Mrbvdv5QFe5Pdzw7sTxHexkpRoHmMN | BTC | 7.312601758 |
| 4 | Poloniex | 12XwnGBjU6Hp4ecVv61tRDSGdW3SXkt8CP | BTC | 6.920274378 |
| 5 | Poloniex | 1CCNdKHhqtdK4ZauZ7PWgFvDBpZ59MXjP2 | BTC | 6.11926921 |
| 6 | Poloniex | 17Z3S2pfJGQj6QH39j1UPfoGJJ2kqkWSem | BTC | 4.45347371 |
| 7 | Poloniex | 13mLXtUtSkvPqU8qAv81njLSwe4DAnCrPR | BTC | 2.976871542 |
| 8 | Poloniex | 1Ko5ntJvnGhUYfTmseFJxBuereCi6TFTfp | BTC | 0.51755494 |
| | | | TOTAL | 45.91117968 BTC[5] |

| # | CRYPTOCURRENCY WALLET ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (average confirmed with five separate tracing methodologies; in cryptocurrency unit) |
|---|---|---|---|
| 1 | 365aca59aeb17df6e3a76ec2bdbefe9983f586c5 | USDT | 210,075 |
| 2 | e71010a991fff28c221dfb2aca207c129ff9cf1b | USDT | 86,695.1041952 |
| 3 | 6cca6bde94ad75bfb1e21720677ae9c1f296f607 | USDT | 53,522 |
| 4 | cdce3f15ecb6da711700994fa7c838e45f107f24 | USDT | 49,354.6025112 |
| 5 | f7b7a705d7ac47452eaaff796601271bfc42c43a | USDT | 41,678.0702184 |
| 6 | 3b53e49200546344d7bb31a334e24421a3cb4451 | USDT | 22,359.9849322 |
| 7 | 98022e367dceb0a25317f0e68b949ad3bd7a3571 | USDT | 18,591.4968140 |
| 8 | 2dd59e945a3c036444e37f31d3b2f001d93eefb1 | USDT | 17,020.0423440 |
| 9 | 5fcad1e9ffdc4f207dfe7f0cfdb67d286b0b0162 | USDT | 16,282.1040658 |
| 10 | 7d65a55862aa569f96e31e50c4e6def0b34f05ed | USDT | 7,403.3527816 |
| 11 | 6af4eba5f8b339512960ebef11e02815c42b8c00 | USDT | 5,352.8389960 |
| 12 | 4d27a8e567e4f7b51d1a07ff0cc032d78b0d43d0 | USDT | 3,141.6391760 |
| 13 | 3cb3c884b033fc0dd22c2c8439edd9eeece8818c | USDT | 1,690.8607544 |
| 14 | 12a2dfcac61118e26197ed1a581099faf4dc16e2 | USDT | 655.0425430 |
| 15 | a21675225d76975635cea38b70e874f0a685bf1d | USDT | 414.5838890 |
| 16 | e01d86cf1fa41d6d5d685b3c13555c79fc3aa798 | USDT | 15.9851010 |

---

[5] As of the date of this filing, 45.91117968 BTC are valued at approximately $2,203,736.62 USD ($48,000.00 per BTC).

| 17 | 5ea54787b09bc81c191a4037f36313d82e407a64 | USDT | 6.3173528 |
|----|------------------------------------------|------|-----------|
| 18 | a2193eb903a185ae3afd05ef461687a221e04adb | USDT | 4.4477338 |
| 19 | 3e362670c657b6e45e792510cd57980466f09194 | USDT | 0.1941922 |
| | | TOTAL | 534,263.6676006 USDT |

The large number of cryptocurrency addresses further emphasizes the ease with which Defendant BULASA is transferring Plaintiff's stolen assets and the difficulty with which Plaintiff is faced in tracking down her stolen assets.

**VI.     There Is Little Prejudice to Defendant Bulasa If the Temporary Restraining Order Is Entered**

25.     While Plaintiff would be severely prejudiced if Defendant BULASA dissipates the funds wrongfully taken from Plaintiff, Defendant BULASA faces no such prejudice.  An order forbidding Defendant BULASA from moving his assets will, at worst, delay Defendant BULASA from shifting his purloined funds to an untraceable cryptocurrency accounts; and at best, will help maintain the *status quo* for Plaintiff to recover the millions of dollars illegally obtained through Defendants' fraudulent scheme.

**VII.     Plaintiff Has No Adequate Remedy at Law**

26.     Plaintiff's only remedy to recover the funds fraudulently taken from her is through her right to equitable relief in the form of an injunction to asset dissipation by Defendant BULASA, beginning with imposition of a restraining order to prevent the dissipation of Plaintiff's assets.  A legal remedy for monetary relief alone will not adequately protect Plaintiff's equitable ownership interest in those funds and assets that can disappear with the click of a computer mouse.

**VIII.     Entering a Temporary Restraining Order Is In the Public Interest**

27.     The public interest strongly supports entry of a temporary restraining order here.

28.     Moreover, entering a temporary restraining order would serve the public interest by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a division of the

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

U.S. Department of the Treasury) by providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the purloined investor assets in this action.

## **CONCLUSION**

For the foregoing reasons, Plaintiff DIVYA GADASALLI, respectfully requests that this Court find that Plaintiff has satisfied the elements of her claim for preliminary injunctive relief and that the Court enter a Temporary Restraining Order without notice to Defendant BULASA, freezing his assets -- including any cryptocurrency exchange accounts owned or controlled by Defendant BULASA that are tied to the BINANCE Destination Addresses, the POLONIEX Destination Addresses, and any Cryptocurrency Wallet Addresses maintained by Defendant BULASA, for him, or by any entity under his control to which Defendant BULASA transferred any portion of the funds stolen from Plaintiff -- to preserve the *status quo ante* pending the full adjudication of Plaintiffs' claims.

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone:     (954) 516-6000

By: _____
    DAVID C. SILVER
    Florida Bar No. 572764
    E-mail: DSilver@SilverMillerLaw.com

    *Counsel for Plaintiff*

Dated: March __28__, 2022