# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DIVYA GADASALLI, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> JERRY BULASA, ET AL., § <br> § <br> *Defendants.* § <br> § | Civil Action No.  4:22-cv-249 <br> Judge Mazzant |

## ORDER

Pending before the Court is Plaintiff Divya Gadasalli's Emergency Motion for Temporary Restraining Order Without Notice Against Defendant Jerry Bulasa (Dkt. #2).  Having reviewed the motion and relevant pleadings, the Court finds that the motion should be **DENIED**.

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest.  *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.  *Miss. Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985).

Rule 65 also allows the Court to issue a temporary restraining order without notice to the adverse party if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

>party can be heard in opposition; and
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)-(B). Gadasalli's motion fails under the second prong, as her counsel failed to certify in writing any efforts made to give notice to Defendant Jerry Bulasa ("Bulasa") of this motion.

The motion for TRO merely states, "a TRO is warranted without notice to [Bulasa]" because "Bulasa's legal name is unknown" (Dkt. #2 ¶ 4). Essentially, counsel has given the Court an excuse for why it failed to even try reaching Bulasa, which does not satisfy Rule 65(b)'s requirements. *See 6th St. Bus. Partners LLC v. Abbott*, No. 1:20-cv-706-RP, 2020 WL 8125634, at *1 (W.D. Tex. July 9, 2020) (finding insufficient plaintiff's assertion that he was "in the process of serving summons on Defendant"); *see also Burris v. Van Slyke*, No. 1:19-cv-160-mac, 2019 WL 1940635, at *2 (E.D. Tex. April 10, 2019) (noting plaintiff failed to satisfy the requirements for a TRO without notice where plaintiff did not certify in an affidavit or verified complaint that any effort was made to put defendant on notice of the motion for TRO). Thus, Gadasalli has failed to follow the Federal Rules, and the Court will not consider the application on its merits.

It is therefore **ORDERED** Plaintiff Divya Gadasalli's Emergency Motion for Temporary Restraining Order Without Notice Against Defendant Jerry Bulasa (Dkt. #2) is hereby **DENIED without prejudice**.

**IT IS SO ORDERED.**
SIGNED this 30th day of March, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

2