# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

DIVYA GADASALLI, an individual,

        Plaintiff,

        - v. -

JERRY BULASA, an individual;
DONG LIAN, an individual;
DANYUN LIN, an individual;
TD BANK, N.A., a national banking association;
ABACUS FEDERAL SAVINGS BANK, a federal
    savings bank;
BINANCE HOLDINGS, LTD. d/b/a Binance, a
    foreign company; and
POLONIEX, LLC, a Delaware limited liability
    company,

        Defendants.

Case No. 4-22:CV-00249

Hon. Amos L. Mazzant, III

## DEFENDANT BINANCE HOLDINGS LTD'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

BACKGROUND ................................................................................................................... 3

STATEMENT OF THE ISSUES.............................................................................................. 4

ARGUMENT ........................................................................................................................ 4

   I.   This Court Lacks Personal Jurisdiction Over Binance ...................................................... 4

       A.   Binance is Not Subject to General Jurisdiction in Texas ......................................... 5

       B.   This Court Lacks Specific Jurisdiction Over Binance ........................................... 10

           1.   Plaintiff Fails to Allege That Binance Purposefully Directed Activities Toward Texas ...................................................................................................... 11

           2.   Plaintiff's Harm Does Not "Arise From" Any Binance Business Activity in Texas ...................................................................................................... 11

           3.   The Exercise of Jurisdiction Over Binance Is Not Fair or Reasonable ......... 12

   II.   Alternatively, the Complaint Should be Dismissed Against Binance For Failure to Plead a Cognizable Claim. ................................................................................................ 13

CONCLUSION.................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Alpine View Co. v. Atlas Copco A.B.*,
  205 F.3d 208 (5th Cir. 2000) ............................................................................................ 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................ 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 13

*Burback v. Oblon*,
  2021 WL 4477607 (E.D. Tex. Sept. 30, 2021) .............................................................. 13

*Clemens v. McNamee*,
  615 F.3d 374 (5th Cir. 2010) ............................................................................................ 5

*Cunningham v. Assured Auto Group, Inc.*,
  2021 WL 1139744 (E.D. Tex. 2021) .......................................................................... 4, 10

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................................................... 5, 8

*Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*,
  24 F.4th 491 (5th Cir. 2022) ........................................................................................... 12

*Fiamma Statler, LP v. Challis*,
  2020 WL 6334470 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) ...................... 14

*First United Pentecostal Church of Beaumont v. Parker*,
  514 S.W.3d 214 (Tex. 2017) ..................................................................................... 14, 15

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  141 S. Ct. 1017 (2021) .................................................................................................... 12

*Frank v. P N K (Lake Charles) L.L.C*,
  947 F.3d 331 (5th Cir. 2020) ........................................................................................ 5, 6

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ............................................................................................ 7

*Guarini v. Doe*,
  No. 21-cv-81890 (S.D. Fla. Apr. 5, 2022) ............................................................ 1, 6, 7, 12

*Hazim v. Schiel & Denver Book Publishers*,
647 F. App'x 455 (5th Cir. 2016) ............................................................... 7, 9

*Heinze v. Tesco Corp.*,
971 F.3d 475 (5th Cir. 2020) ....................................................................... 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ....................................................................................... 8

*Hodge v. Joyce W. Lindauer Att'y, PLLC*,
2021 WL 4527902 (Tex. App.—Texarkana Oct. 5, 2021, no pet.) ............... 14

*In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*,
888 F.3d 753 (5th Cir. 2018) ............................................................. 2, 4, 13

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........................................................................................ 5

*J-L Chieftan, Inc. v. W. Skyways, Inc.*,
351 F. Supp. 2d 587 (E.D. Tex. 2004) ........................................................... 9

*Johnston v. Multidata Systems Int'l Corp.*,
523 F.3d 602 (5th Cir. 2008) .......................................................................... 5

*Juhl v. Airington*,
936 S.W.2d 640 (Tex. 1996) .......................................................................... 15

*Latshaw v. Johnston*,
167 F.3d 208 (5th Cir. 1999) ........................................................................... 5

*Lee v. Binance*,
No. 20-cv-02803 (S.D.N.Y. Mar. 31, 2022) ............................................... 2, 7

*Libersat v. Sundance Energy, Inc.*,
978 F.3d 315 (5th Cir. 2020) .......................................................................... 5

*Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*,
66 F. Supp. 3d 813 (E.D. Tex. 2014) .............................................................. 8

*Marshall v. Ribosome L.P.*,
2019 WL 2041062 (Tex.  App.—Houston [1st Dist.] May 9, 2019, no pet.) ......................... 15

*McFadin v. Gerber*,
587 F.3d 753 (5th Cir. 2009) ......................................................................... 10

*Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N. A.*,
    800 F. App'x 239 (5th Cir. 2020) ............................................................. 13

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) ........................................................ 6, 8, 11

*Norris v. Hearst Tr.*,
    500 F.3d 454 (5th Cir. 2007) ................................................................. 7

*Null v. Bank One of Columbus, N.A.*,
    988 F.2d 1210 (5th Cir. 1993) ............................................................... 9

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ........................................................... 7, 10

*Patterson v. Aker Solutions Inc.*,
    826 F.3d 231 (5th Cir. 2016) ........................................................... 5, 10

*Perkins v. Benguet Consol. Min. Co.*,
    342 U.S. 437 (1952) ............................................................................. 10

*Residents of Gordon Plaza, Inc. v. Cantrell*,
    25 F.4th 288 (5th Cir. 2022) ............................................................... 13

*Reynolds v. Binance Holdings Ltd.*,
    481 F. Supp. 3d 997 (N.D. Cal. 2020) ......................................... 2, 6, 7

*Schindley v. Lituchy*,
    2006 WL 2504953 (E.D. Tex. Aug. 28, 2006) ................................... 12

*Together 6 LLC v. Burlington Ins. Co.*,
    2015 WL 11120522 (N.D. Tex. Apr. 22, 2015) ................................. 15

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................... 10, 11, 12

*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*,
    517 F.3d 235 (5th Cir. 2008) ............................................................... 10

*Ward v. Rhode*,
    544 F. App'x 349 (5th Cir. 2013) ......................................................... 7

*Wilson v. Belin*,
    20 F.3d 644 (5th Cir. 1994) ................................................................... 5

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), defendant Binance Holdings, Ltd. ("Binance") moves to dismiss Plaintiff Divya Gadasalli's ("Plaintiff" or "Gadasalli") claims against Binance for lack of personal jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff is the alleged victim of a financial scam, in which she was persuaded by a man she met on Tinder (defendant Jerry Bulasa ("Bulasa")) to send money to his bank accounts at TD Bank, N.A. and Abacus Federal Savings Bank.  Bulasa is alleged to have invested that money in cryptocurrencies housed in an account at Coinbase, a U.S.-based cryptocurrency exchange.  Those funds, and the profits Plaintiff claims Bulasa made for her, have since disappeared.  Plaintiff seeks to recover her investment and substantial profit.

None of these events have anything to do with Binance, a foreign cryptocurrency exchange with no headquarters or offices in the United States.  The only substantive allegation about Binance in the Complaint is that a subset of the funds transferred to the Coinbase account ultimately were transferred to or through accounts at Binance. (Compl. ¶ 80).  Based on nothing more than speculation and conclusory assertions, Plaintiff has sued Binance for aiding and abetting conversion.

As a threshold matter, the claim against Binance should be dismissed because Plaintiff has not—and cannot—meet her burden of establishing that this Court has personal jurisdiction over Binance.  Just two weeks ago, a federal court in Florida dismissed a similar complaint against Binance brought by the same plaintiffs' counsel because the contacts alleged were "woefully inadequate to support the exercise of jurisdiction over [Binance]." *Guarini v. Doe,* No. 21-cv-81890, at *2, *6 (DMM) (S.D. Fla. Apr. 5, 2022) (ECF No. 25).  As that court recognized, Binance

1

is a foreign company incorporated in the Cayman Islands; it is not "at home" for purposes of general jurisdiction (*id.* at *6), and the alleged harm to Plaintiff is not "inextricably entwined" with a general course of business activity by Binance in the jurisdiction (*id.* at *7). A federal court in California similarly found no personal jurisdiction over Binance. *See Reynolds v. Binance Holdings Ltd.,* 481 F. Supp. 3d 997 (N.D. Cal. 2020). And a federal court in New York recently held that Binance is not a "domestic" exchange under the federal securities laws and therefore not "subject to the jurisdiction of the United States." *Lee v. Binance*, No. 20-cv-02803, at *8 (ALC) (S.D.N.Y. Mar. 31, 2022) (ECF No. 77). Plaintiff's allegations that an unidentified number of U.S.-based individuals use VPN software to access Binance, that Binance sponsored "celebrity fueled" public service videos encouraging viewers to do their own research on cryptocurrency, and that Binance has on occasion provided assistance to U.S. law enforcement, have no relevance to the jurisdictional analysis.

In addition to lack of personal jurisdiction, the single claim against Binance for aiding and abetting conversion should be dismissed because the Complaint fails to establish a cognizable claim against Binance. The Fifth Circuit has repeatedly acknowledged that "no such claim exists in Texas." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 782 (5th Cir. 2018). Even if such a claim were recognized, a financial institution must have actual knowledge of the alleged wrongdoing and provide "substantial assistance" to the wrongdoer in order to aid and abet conversion. The Complaint does not contain a single allegation identifying how Binance had knowledge of this wrongdoing, much less anything that shows "substantial assistance" in Bulasa's alleged scheme.

Accordingly, Binance should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of jurisdiction or, in the alternative, Count V should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## BACKGROUND

According to the Complaint, Plaintiff Divya Gadasalli is a Texas woman who met Defendant Bulasa on the dating app Tinder.  (Compl. ¶¶ 10, 56).  She began a relationship with Bulasa and decided to wire hundreds of thousands of dollars to Bulasa's accounts at TD Bank and Abacus Bank.  (*Id.* at ¶¶ 62, 64).  Those funds were allegedly transferred to an account at Coinbase and used to purchase the cryptocurrency Tether, which was then transferred to an investment account at a fake cryptocurrency exchange called Digital Fund.  (*Id.* at ¶¶ 66–70).  Plaintiff claims to have placed approximately eight million dollars in investment and profit under Bulasa's control. (*Id.* at ¶ 6).

Plaintiff alleges that some of the cryptocurrency owed to her ended up in accounts at Binance.  (*Id.* ¶ 80).  However, the Complaint provides no details on how the funds purportedly arrived in the Binance accounts.  Notably, the Complaint does not include any transaction history tracing fund transfers from accounts owned by Plaintiff to the Binance accounts; it only shows undated alleged transfers from unidentified source accounts to purported Binance wallets.  There are no allegations of any fact that should have caused Binance to flag these transfers, or any allegation of how Binance policies were violated by accepting these funds.  Plaintiff does not allege that she ever had an account at Binance or that she had any communications with Binance. Plaintiff also does not allege that she contacted law enforcement about the alleged theft or provided the status or findings of any law enforcement investigation.

Plaintiff commenced this action on March 28, 2022, asserting several claims against Bulasa for his fraudulent acts and a single claim for Aiding and Abetting Conversion against Binance (Count V), in addition to claims against other co-defendants.  Plaintiff thereafter served Binance Holdings Ltd. in the Cayman Islands on March 30, 2022.  (Dkt. 12).

## STATEMENT OF THE ISSUES

The first issue presented is whether this Court has personal jurisdiction over Binance pursuant to Federal Rule of Civil Procedure 12(b)(2).  Plaintiff's claims against Binance must be dismissed for lack of personal jurisdiction because this Court does not have general jurisdiction over Binance, a foreign company incorporated in the Cayman Islands with no offices or employees in Texas.  Nor does this Court have specific jurisdiction over Binance, as Plaintiff fails to allege that Binance directed any suit-related conduct towards Texas.

The second issue before the Court is whether, in the alternative, Plaintiff's claim against Binance must be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Complaint fails to allege facts sufficient to state an actionable claim for aiding and abetting conversion because no such claim is recognized in Texas.  *See In re DePuy Orthopaedics, Inc.,* 888 F.3d at 782.  Even if such a claim was recognized, the claim against Binance still fails because Plaintiff does not allege that Binance had actual knowledge of the alleged wrongdoing or that it provided "substantial assistance" to Bulasa.

## ARGUMENT

### I.    This Court Lacks Personal Jurisdiction Over Binance

Plaintiff bears the burden of establishing a *prima facie* showing of personal jurisdiction over each defendant.  *See Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000).  Jurisdictional analysis over nonresident defendants is a two-step inquiry.  *See Cunningham v.*

4

*Assured Auto Group, Inc.*, No. 20-cv-141, 2021 WL 1139744, at *3 (E.D. Tex. 2021). "A federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute allows it; and (2) exercising jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment." *See Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020) (internal quotation marks omitted); *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Systems Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). Due process requires that the defendant have "minimum contacts" with the forum state (*i.e.* that the defendant has purposely availed itself of the protections of the forum state) and that exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice." *See Johnston,* 523 F.3d at 609 (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

Here, the Complaint is facially deficient because none of the sparse allegations establish that Binance is "essentially at home" in Texas or that Binance has engaged in "purposeful direction" or "availment" of the jurisdiction related to the events in question. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### A.    Binance is Not Subject to General Jurisdiction in Texas

General jurisdiction exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Frank v. P N K (Lake Charles) L.L.C*, 947 F.3d 331, 336 (5th Cir. 2020); *Patterson v. Aker Solutions Inc.*, 826 F.3d 231, 234 (5th Cir. 2016). "The inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Patterson,* 826 F.3d at 234 (citing *Daimler AG*

5

*v. Bauman*, 571 U.S. 117, 138–39 (2014)).  "Generally, a corporation's 'home' falls into two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank*, 947 F.3d at 337.  It is "incredibly difficult" to establish general jurisdiction in a forum other than the one in which a defendant is domiciled. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Here, Binance is neither incorporated nor has its principal place of business in Texas. (Compl. ¶ 17).  There are no allegations that Binance has any offices, employees, property, or any other continuous contacts with Texas.  Plaintiff therefore has no basis to contend that Binance is "essentially at home" in Texas.  *See Monkton*, 768 F.3d at 432 (finding a Cayman bank's interactive website insufficient to establish general jurisdiction "because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction—in other words, while it may be doing business with Texas, it is not doing business in Texas."); *see also Guarini,* No. 21-81890, at *6 (finding court lacked general jurisdiction over Binance because factual allegations about "customers' use of [Binance's] services in the United States is woefully inadequate to support the exercise of general jurisdiction over [Binance]."); *Reynolds*, 481 F. Supp. 3d at 1003–04 (finding that Binance is not subject to general personal jurisdiction in California because allegations about serving U.S. customers "do not illustrate that Binance has the requisite affiliations with California to be essentially at home in the state and subject to general jurisdiction in it.").

While the Complaint includes a series of conclusory allegations about sporadic contacts between Binance and Texas, even taking these allegations as true, the Complaint's allegations fall far short of establishing that Binance is "at home" in Texas.

*First,* Plaintiff's assertions that Binance "serves customers in the United States, including in this jurisdiction" through Binance.US. (Compl. ¶ 18) is demonstrably false and, in any event, insufficient to establish general jurisdiction over Binance.  Public records, including registration documents filed with the Financial Crimes Enforcement Network, Department of the Treasury ("FinCEN"), make clear that Binance.US is a d/b/a of BAM Trading Services, Inc., which is a separate legal entity from Binance Holdings, Ltd.  *See* https://www.fincen.gov/msb-registrant-search (results for "BAM Trading Services").[1]  The business activities of BAM Trading Services cannot impart jurisdiction over an entirely different and foreign legal entity.  *Guarini,* No. 21-81890, at *8 (recognizing that "Binance.US is not affiliated with the Binance that has been sued in this action"); *Reynolds*, 481 F. Supp. 3d at 1007 (finding that plaintiff alleged "insufficient facts to demonstrate a unity of interest between Binance and BAM").[2]  And even if BAM were an affiliate, the business activities of an affiliate do not subject a company to general jurisdiction in Texas.  *See Hazim v. Schiel & Denver Book Publishers,* 647 F. App'x 455, 459 (5th Cir. 2016); *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001).

*Second*, the assertion that Binance "uses various third-party companies, including companies located within this jurisdictional district, to enable . . . its 'ecosystem' to function" (Compl. ¶ 33) is conclusory, unsupported, and insufficient as a matter of law to establish general

---

[1] The Court can take judicial notice of FinCEN registration documents and other public records. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (finding district court took appropriate judicial notice of publicly-available government documents and transcripts from the FDA); *Norris v. Hearst Tr.,* 500 F.3d 454, 461 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

[2] Plaintiff's assertion that Binance.US is a "fiat gateway" for Binance (Compl. ¶ 34) is a gross mischaracterization of the Terms of Use cited.  The section of the Terms of Use cited in the Complaint does not mention Binance.US at all, much less identify it as a "fiat gateway."  Public records show that Binance.US is a separate cryptocurrency exchange.

jurisdiction over Binance.  *See Lee,* No. 20-cv-02803, at *8 (finding allegations that Binance used U.S.-based infrastructure were not sufficient to find that Binance is a "domestic exchange" under the federal securities laws); *Ward v. Rhode*, 544 F. App'x 349, 352 (5th Cir. 2013) (fact that company's website servers were located in Texas, in addition to other contacts, was "insufficient to meet the 'continuous and systematic' standard required for a court to exercise general jurisdiction").

*Third,* Plaintiff's allegations that customers can theoretically use a third-party VPN program to circumvent Binance's block of U.S. users does not speak to any action by Binance and is irrelevant to the jurisdictional inquiry.  (Compl. ¶¶ 41–48).  As the Supreme Court has long held, "[s]uch unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984); *see also Monkton*, 768 F.3d at 432 (holding that a foreign bank's website was insufficient to establish general jurisdiction "because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction").  The existence of third-party software that could be used to circumvent Binance's restrictions against U.S. users does not give rise to personal jurisdiction over Binance.  And even if there were users in Texas who used a VPN to access Binance (*see* Compl. ¶ 45), the mere existence of customers in a jurisdiction does not establish general jurisdiction.  *See Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.,* 66 F. Supp. 3d 813, 822 (E.D. Tex. 2014) (holding that "doing business with persons in a particular district is not enough to satisfy the requirement of general jurisdiction that the corporation's contacts with the forum be so continuous

and systematic as to render the corporation essentially at home in the forum." (citing *Daimler,* 571 U.S. at 138)).

*Fourth*, Binance's sponsorship of public service videos encouraging users to research cryptocurrencies for themselves (Compl. ¶¶ 35–39) has no bearing on the jurisdictional analysis. "Defendants' advertising in a publication with national circulation does not support a finding of general jurisdiction." *Null v. Bank One of Columbus, N.A.*, 988 F.2d 1210, at *1 (5th Cir. 1993) (citation omitted); *see also J-L Chieftan, Inc. v. W. Skyways, Inc.,* 351 F. Supp. 2d 587, 595 (E.D. Tex. 2004) (same).  Here, the video cited in the Complaint did far less, as it did not even encourage viewers to use Binance.  (*See* Compl. ¶ 38).  Instead, the videos were part of a "consumer empowerment campaign" using individuals "known for their honesty and independence" to encourage viewers to use reliable sources to educate themselves about cryptocurrency.[3]

*Finally*, the Complaint's speculative and conclusory allegations that Binance "voluntarily works with American law enforcement" (Compl. ¶ 32) because the Texas State Securities Board allegedly issued a cease and desist order against a company impersonating Binance is insufficient to establish jurisdiction**.**  "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Hazim,* 647 F. App'x at 460.  The assertion that assistance to law enforcement renders Binance "at home" in Texas is illogical, unsupported, and against public policy.

---

[3] Press Release, "Binance Unites J Balvin, Jimmy Butler and Valentina Shevchenko to Take on Big Game Crypto Ads, Invites Fans to Sound the #CryptoCelebAlert and Trust Themselves to Learn Crypto," (Feb. 9, 2022), available at
https://www.binance.com/en/blog/community/binance-unites-j-balvin-jimmy-butler-and-valentina-shevchenko-to-take-on-big-game-crypto-ads-invites-fans-to-sound-the-cryptocelebalert-and-trust-themselves-to-learn-crypto-421499824684903392 (cited in Compl. ¶ 38 n.5).

Simply put, Binance is a foreign corporation, and there are no allegations establishing this as the "exceptional case" where the court can exercise general jurisdiction over an out-of-state entity. *See Patterson*, 826 F.3d at 235 (recognizing that the only "exceptional case" the Supreme Court has identified warranting the exercise of general jurisdiction over a foreign company involved a company who relocated its business operations from the Philippines to Ohio during World War II) (citing *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)).

### B.      This Court Lacks Specific Jurisdiction Over Binance

Unlike general jurisdiction, "specific" personal jurisdiction is claim-specific; a plaintiff must demonstrate that the nonresident defendant purposefully directed contacts at [Texas] and the alleged injury arises out of or relates to those contacts. *See Panda Brandywine Corp.*, 253 F.3d at 868.   "The relevant contacts are those the defendant himself creates with the forum state." *Cunningham*, 2021 WL 1139744, at *5 (citing *Walden v. Fiore,* 571 U.S. 277, 284 (2014)).  To be subject to specific jurisdiction, the defendant must have acted to "purposefully avail itself of the privilege of conducting activities within the forum State" and "there must be an affiliation between the forum and the underlying controversy." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 243 (5th Cir. 2008).  To establish specific jurisdiction over a defendant, Texas uses a three-step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).  Plaintiff fails on all three steps.

### 1.   Plaintiff Fails to Allege That Binance Purposefully Directed Activities Toward Texas

The Complaint lacks any factual allegation showing that Binance directed its activities to Texas.  Binance is not alleged to have any offices or employees in Texas.  And, as discussed above, Binance.com restricts United States users from accessing the platforms.  (*See* Binance.com "Terms of Use" § II(3)(b)(v), available at https://www.binance.com/en/terms).  The best that Plaintiff can allege is that one celebrity in a video sponsored by Binance is from Texas.  (Compl. ¶ 37).  That random personal fact is facially insufficient to establish that Binance "purposefully directed" business activities towards Texas.

Additionally, the Complaint's allegation that Binance "[took] possession of Plaintiff's stolen cryptocurrency when it was transferred from Plaintiff's possession in Texas to the Binance exchanges," (*id.* ¶ 29) does not qualify as action by Binance directed towards Texas.  Indeed, the facts set forth in the Complaint are inconsistent with this theory, as Binance is not alleged to have received the funds directly from Plaintiff.  Plaintiff acknowledges having voluntarily transferred the cryptocurrency at issue to accounts controlled by Bulasa prior to his alleged theft, and the Complaint is silent on where Bulasa's accounts were located.  (Compl. ¶¶ 64, 67).  It is immaterial if Plaintiff or Bulasa took actions that subsequently caused money to be transferred to Binance because "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum state." *See Monkton*, 768 F.3d at 433 (citing *Walden,* 571 U.S. at 284).

### 2.   Plaintiff's Harm Does Not "Arise From" Any Binance Business Activity in Texas

Having failed to allege purposeful business activity by Binance in Texas, Plaintiff cannot show that her alleged injury arises from such business activity.  Even if Plaintiff's allegations relating to BAM Trading Services d/b/a Binance.US were sufficient to establish some business activity by Binance in Texas—which they are not—Plaintiff has not shown that the cause of action

in this case "relates to" any such business activity.  *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021).  None of the allegations in the Complaint relate to any customer account at Binance.US, or any purported operation of Binance.US in Texas.  *See Guarini,* No. 21-81890, at *7–*8 (finding no specific jurisdiction over Binance based upon actions of Binance.US).

Plaintiff further claims that she "suffered [harm] in Texas" because "her cryptocurrency assets [were] stolen and laundered through computer servers in Texas." (Compl. ¶ 28).[4]  However, the United States Supreme Court has made clear that "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290; *see Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.,* 24 F.4th 491, 497 (5th Cir. 2022) ("The proper question is not whether [plaintiff] experienced a particular injury or effect in a particular location, but whether [defendant's] conduct connects it to the forum in a meaningful way.").  The fact that Plaintiff resided in the forum at the time of her alleged injury cannot establish personal jurisdiction over Binance.

### 3.   The Exercise of Jurisdiction Over Binance Is Not Fair or Reasonable

Because Plaintiff cannot satisfy the first two prongs of specific jurisdiction, this Court need not reach the third prong—whether the exercise of personal jurisdiction against Binance is fair and reasonable.  *Schindley v. Lituchy*, No. 5:05-cv-208, 2006 WL 2504953, at *8 (E.D. Tex. Aug. 28, 2006).  In any event, hauling a foreign defendant like Binance into this jurisdiction where it has

---

[4] Plaintiff also alleges that Binance's "unreasonably lax AML and KYC procedures" "encouraged hackers." (*Id.* ¶ 27).  The events at issue in this case, however, do not involve any party "hacking" into any Binance account.  Indeed, Plaintiff apparently voluntarily transferred her money to Bulasa, who then stole it.

12

no presence and no involvement in the underlying events is unreasonable, unfair, and at odds with fundamental notions of due process.

## II.   Alternatively, the Complaint Should be Dismissed Against Binance For Failure to Plead a Cognizable Claim.

In the alternative, Plaintiff's effort to recover from Binance for the bad acts of other defendants also fails because she has not stated a cognizable claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 295 (5th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  Accordingly, "a complaint must allege more than labels and conclusions, as a formulaic recitation of the elements of a cause of action will not do."  *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)).

Here, Plaintiff attempts to assert a claim for "Aiding and Abetting Conversion" against Binance.  (Compl. ¶¶ 118–122 (Count V)).  However, the Court of Appeals for the Fifth Circuit has repeatedly held that "no such claim [for aiding and abetting] exists in Texas."  *In re DePuy Orthopaedics, Inc.*, 888 F.3d at 782.  *See also Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N. A.*, 800 F. App'x 239, 250 (5th Cir. 2020) (dismissing aiding and abetting claim against bank that held account for alleged check-kiter because aiding and abetting does not exist as a cause of action in Texas, citing *DePuy*); *Burback v. Oblon*, No. 4:20-cv-946, 2021 WL 4477607, at *10 (E.D. Tex. Sept. 30, 2021) (dismissing aiding and abetting claim "[b]ecause this is not a recognized claim under Texas law").  Accordingly, because this Court is sitting in diversity and is applying Texas law, the aiding and abetting claim against Binance—the only claim brought against Binance— must be dismissed.

13

Alternatively, even if this Court were to entertain a claim of aiding and abetting conversion, the claim would not meet the required elements. "Even if Texas recognizes the tort of aiding and abetting a conversion of property," a plaintiff must show that the defendant "substantially assisted and encouraged" the conversion and that the defendant had "knowledge that the other party [wa]s breaching a duty and [had] the intent to assist that party's actions." *Hodge v. Joyce W. Lindauer Att'y, PLLC,* No. 06-21-00008-CV, 2021 WL 4527902, at *9 (Tex. App.—Texarkana Oct. 5, 2021, no pet.). Here, Plaintiff has not alleged—and cannot allege—that Binance (i) had knowledge of the conversion or (ii) provided substantial assistance to the other defendants in committing the conversion.

With respect to Binance's knowledge of the conversion, the Complaint contains no allegations showing how Binance would have known that the cryptocurrency transferred into various accounts allegedly owned by Defendant Bulasa were the proceeds of a conversion. Instead, Plaintiff baldly asserts that Binance "has actual knowledge that cryptocurrency stolen from Plaintiff had been transferred to addresses and accounts on Binance's exchange by or to Defendant Bulasa." (Compl. ¶ 119). Such conclusory statements are insufficient to plead Binance's knowledge of the alleged conversion. *See, e.g., Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at *12 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (rejecting aiding and abetting claim "if such a claim is cognizable," where the plaintiff "failed to allege any facts . . . supporting [its] bare 'knowledge' allegation") (citing *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017)).

Separately, Plaintiff also fails to plead that Binance provided substantial assistance for the conversion (assuming that an aiding and abetting cause of action exists). Again, Plaintiff relies on a conclusory assertion that Binance "rendered substantial assistance to Defendant Bulasa" (Compl.

¶ 121), but does not articulate how Binance, "with wrongful intent, substantially assisted and encouraged [Defendant Bulasa] in a wrongful act that harmed the plaintiff."  *Parker*, 514 S.W.3d at 225.  Without any well pleaded factual allegations about knowledge, intent, or action taken by Binance, the Complaint fails to allege the substantial assistance that is central to an aiding and abetting claim.  Plaintiff cannot base a claim on normal course of business activity.  *See, e.g., Together 6 LLC v. Burlington Ins. Co.*, No. 4:15-cv-064-Y, 2015 WL 11120522, at *5 (N.D. Tex. Apr. 22, 2015) (rejecting aiding and abetting claim because even if such a cause of action existed under Texas law, it would only be applicable to "highly dangerous, deviant, or antisocial group activity" and was inapplicable to "handling and denial of an insurance claim" in the normal course) (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)); *Marshall v. Ribosome L.P.*, No. 01-18-00108-CV, 2019 WL 2041062, at *7 (Tex.  App.—Houston [1st Dist.] May 9, 2019, no pet.) (rejecting aiding and abetting claim even "if it were to recognize a cause of action for aiding and abetting" because the defendant merely made distributions pursuant to a preexisting agreement).

For all of the above reasons, Plaintiff has not pled a plausible claim against Binance for aiding and abetting conversion, and the claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Binance respectfully submits that this Court should dismiss

Binance from this action, and dismiss Count V, with prejudice.

Dated: April 20, 2022

Respectfully submitted,

*/s/ Ryan Squires*
Ryan Squires
Texas Bar No. 24044951
**SCOTT DOUGLASS MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel:  512-495-6300
Fax: 512-495-6399
Email:  rsquires@scottdoug.com

Karen R. King (pro hac pending)
Lead Attorney
New York Bar No. 3933512
**MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO, P.C.**
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax:  (212) 856-9494
Email:  kking@maglaw.com

*Counsel for Defendant Binance Holdings,
Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by ECF on April 20, 2022:

*/s/Ryan Squires*

Ryan Squires