UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DIVYA GADASALLI, an individual,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No.  4:22-cv-00249-ALM** |
| **v.** | § | |
| | § | |
| **JERRY BULASA, an individual; DONG** | § | |
| **LIAN, an individual; DANYUN LIN, an** | § | |
| **individual; TD BANK, N.A., a national** | § | |
| **banking association; ABACUS** | § | |
| **FEDERAL SAVINGS BANK, a federal** | § | |
| **savings bank; BIANCE HOLDINGS,** | § | |
| **LTD. d/b/a Binance, a foreign company;** | § | |
| **and POLONIEX, LLC, a Delaware** | § | |
| **limited liability company,** | § | |
| | § | |
| **Defendants.** | § | |

## ABACUS BANK'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) (subject matter jurisdiction), 12(b)(2) (personal jurisdiction), and 12(b)(6) (failure to state a claim), Defendant Abacus Federal Savings Bank ("**Abacus Bank**" and "**the Bank**") moves to dismiss Plaintiff's Amended Complaint (Dkt #24) and an award of reasonable attorneys' fees.

## OVERVIEW

Abacus Bank is neither a proper nor necessary party.  As an threshold matter, there are no *in personam* claims alleged against the Bank.  Plaintiff only asserts a single claim for "constructive trust." Dkt # 24 at ¶¶ 157-161 (Count VI).  Plaintiff seeks a constructive trust against money allegedly "being held" on deposit in New York. *Id.*  It is without question that a constructive trust is an *in rem* equitable remedy, not a cause of action.  Plaintiff's requested relief of a constructive trust requires the court to have *in rem* jurisdiction over property allegedly in

-1-

New York, which it does not have.  The Court lacks both personal jurisdiction over this foreign bank as well as subject-matter jurisdiction over any property in New York.  But most importantly, there is no money on deposit with Abacus Bank.  Plaintiff's lawyers are aware of this fact, yet failed to remove the Bank from its recently filed Amended Complaint.  There is no legitimate basis for Abacus Bank to have been heralded into any Texas court, much less this particular action—and it has been forced to hire counsel to seek dismissal of an improper filing. Abacus Bank seeks dismissal for each of the following independent reasons.

## ARGUMENT

### A.     This Court Does Not Have *In Rem* Jurisdiction.

Plaintiff seeks a constructive trust against money allegedly in New York.  Dkt # 24 at ¶¶ 7, 16, 85, 157-161.  Specifically, Plaintiff seeks "funds" she alleges are "being held" (present tense) by the Bank.  Dkt # 24 at ¶ 160.  It is without question that a constructive trust is an *in rem* equitable remedy, not a cause of action.  *See, e.g., Parker v. Handy*, 624 F.3d 19, 22 (1st Cir. 2010) (holding that a request for a constructive trust does not of itself give rise to an *in rem* claim; constructive trusts are remedial devices employed by courts once liability is found and where equity requires).  "Constructive trusts are not substantive rights that confer a cause of action."  *Id.* at 22.

In an action involving *in rem* relief, the court must, at least initially, have control over the *res* in dispute.  *Accord Republic National Bank of Miami v. United States*, 506 U.S. 80, 80 (1992).  "[B]ecause the exercise of *in rem* jurisdiction depends on the court's exercise of exclusive custody and control over the *res*, the limits of *in rem* jurisdiction, as traditionally understood, are defined by the effective limits of sovereignty itself."  *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 965 (4th Cir. 1999); *see also Pennoyer v. Neff*, 95 U.S. 714, 733 (1877)

("[E]very State possesses exclusive jurisdiction and sovereignty over persons and property within its territory."). Thus, in order to exercise *in rem* jurisdiction over property, the property must be located within this district in which the *in rem* complaint is filed. *Accord R.M.S. Titanic*, 171 F.3d at 964; 4A Fed. Prac. & Proc. Civ. § 1070 (4th ed. 2022) ("The essential function of an action *in rem* is the determination of title to or status of property located—physically or legally—within the court's jurisdiction.); *see also Platoro Ltd., Inc. v. The Unidentified Remains of a Vessel*, 695 F.2d 893 (5th Cir. 1983).

The *res* in this case, as alleged by Plaintiff, is not within the jurisdiction of this Court. As such, this Court does not have *in rem* jurisdiction to impose a trust on the alleged property and that alleged relief against Abacus Bank—*i.e., the only relief requested against the Bank*—should be dismissed. *See, e.g., Yavuz v. 61 MM, Ltd*., 576 F.3d 1166, 1175 (10th Cir. 2009) (an out-of-state court does not have power to create a constructive trust on real property in Oklahoma). Accordingly, any such claims for relief in the Amended Complaint must be dismissed for lack of *in rem* jurisdiction.

**B.      Plaintiff does not assert any *in personam* claims against Abacus Bank.**

Plaintiff pleads zero contacts between Abacus Bank and the State of Texas. Dkt # 24 at ¶ 16 (alleging the Bank has business only in New York, New Jersey and Pennsylvania), ¶¶ 11, 85 (alleging Bulasa, a person domiciled in New York, made wire transfer to a bank in New York). Abacus Bank has not submitted to personal jurisdiction in Texas. This Court lacks personal jurisdiction and all claims against Abacus Bank in the Amended Complaint must be dismissed for lack of *in personam* jurisdiction.

Alternatively, Plaintiff fails to plead a viable cause of action against Abacus Bank and the Amended Complaint should be dismissed for that additional, independent reason. Again, Plaintiff has not asserted any specific cause of action against the Bank—merely an equitable

remedy the Court may impose if liability is first found *against other defendants*.  Moreover, Plaintiff alleges monies were transferred to a bank account in New York in May 2021 but does not assert any factual basis or other proof for her allegation that there is *presently* money at Abacus Bank.  And, in fact, albeit outside the pleadings, her counsel have been provided documentation from the Bank, through the undersigned counsel, establishing that Abacus Bank is <u>not</u> holding any of the alleged funds.  Stated simply, Plaintiff's counsel was aware that Abacus Bank is not a necessary or proper party and yet refused to voluntarily dismiss it.  Instead, Abacus Bank was required to expend time and attorney fees preparing this motion to bring this issue to the Court's attention.

<u>**CONCLUSION**</u>

For the aforementioned reasons, the Amended Complaint must be dismissed as to Abacus Bank.  Abacus Bank respectfully requests the Court exercise its inherent power and also award it $1,000 as reasonable fees incurred in bringing this motion to defeat this bad faith and baseless suit against it.

Dated:  May 25, 2022    Respectfully Submitted,

/s/  *Amanda L. Cottrell*
Amanda L. Cottrell (Texas Bar No. 24064972)
Steven G. Gersten (Texas Bar No. 24087579)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
acottrell@sheppardmullin.com
sgersten@sheppardmullin.com

***Attorneys for Defendant*
ABACUS FEDERAL SAVINGS BANK**

SMRH:4865-5027-5618.1    -4-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 25th day of May, 2022, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  All others will be served via electronic mail.

*/s/ Amanda L. Cottrell*
Amanda L. Cottrell