**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

**Civil Action No. 4:22-cv-249-ALM**

DIVYA GADASALLI,

    Plaintiff,

v.

JERRY BULASA, ET AL.

    Defendants.

_____/

**JOINT CONFERENCE REPORT**

Pursuant to this Court's May 24, 2022 Order requiring a joint report [Docket Entry No. ("DE") 25] and Federal Rule of Civil Procedure 26(f), and pursuant to conferences held between counsel for Plaintiff Divya Gadasalli ("Plaintiff") and Defendant Binance Holdings, Ltd. ("Binance"),[1] Plaintiff and Binance have agreed on the following statement of the case, dates, discovery plan, and case management; and submit the following Joint Scheduling Report and Joint Discovery Report.

**PLAIN STATEMENT OF THE CASE**

In this case, Plaintiff is alleging a fraudulent scheme by Defendant Jerry Bulasa and others to steal from Plaintiff over Eight Million Dollars ($8,000,000.00) worth of cryptocurrency. Plaintiff wired hundreds of thousands of dollars to accounts at TD Bank and Abacus Bank with the understanding that Bulasa would use those funds to purchase cryptocurrency on Plaintiff's behalf. Those funds were then transferred to an account at cryptocurrency exchange Coinbase and used to purchase the cryptocurrency Tether, which was then transferred to an investment account

---

[1] Binance files this Joint Conference Report subject to its motion to dismiss, DE 32. By filing this report, Binance does not waive its argument that there is no jurisdiction over Binance.

at a fake cryptocurrency exchange called Digital Fund. Plaintiff alleges that some of the cryptocurrency owed to her ended up in accounts at Binance (among other cryptocurrency exchanges).

## JURISDICTIONAL BASIS

As reflected in its motion to dismiss the Amended Complaint (DE 32), Binance contends that the Court lacks personal jurisdiction over it. Binance is a foreign company incorporated in the Cayman Islands and is not "at home" in Texas for purposes of general jurisdiction. Additionally, the alleged harm to Plaintiff is not "inextricably entwined" with a general course of business activity by Binance in Texas as required to establish specific jurisdiction. Plaintiff disagrees with Binance's contentions and will oppose the motion.

Additionally, as noted below, Plaintiff believes a limited round of jurisdictional discovery would be appropriate, if not required, for the Court to properly evaluate the propriety of exercising personal jurisdiction over Binance. Binance disagrees with that position and would oppose jurisdictional discovery in light of publicly available and undisputed facts.

## THE LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

The parties are not aware of any additional parties who might be joined.

## RELATED CASES PENDING

None.

## INITIAL DISCLOSURES

Plaintiff and Binance have made the required initial disclosures pursuant to the May 24, 2022 Order and Fed.R.Civ.P. 26(a)(1).

## PROPOSED CASE MANAGEMENT DEADLINES

The Parties have attached hereto a **proposed Scheduling Order** that sets forth relevant pretrial case management deadlines.

## DISCOVERY ISSUES

The Parties will work with one another in good faith to resolve all issues relating to discovery. The Parties also expect to work cooperatively to minimize burdensome, duplicative, or unnecessary discovery. As discussed above, Binance has a pending motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b) (DE 32); and Plaintiff contends that a limited round of jurisdictional discovery would be appropriate, if not required, for the Court to properly evaluate the propriety of exercising personal jurisdiction over Binance. Binance disagrees with that contention and does not think jurisdictional discovery is necessary or appropriate in light of publicly available and undisputed facts. If requested by the Court, the parties will brief the issue to further explain their respective positions on the issue.

Because jurisdiction is a threshold issue in this matter, the Parties agree and respectfully request that all deadlines relating to discovery (7(i-v) of the May 24 Order) be postponed until after this Court rules on jurisdiction.

## THE LIKELIHOOD OF SETTLEMENT

The Parties are in active settlement discussions. It is too early to assess the likelihood of settlement.

## THE IDENTITY OF PERSONS EXPECTED TO BE DEPOSED

Should the case proceed to discovery, persons to be deposed will include Plaintiff Divya Gadasalli and Defendant Jerry Bulasa.

## A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL

The Parties expect that this case will require **three (3) days** for a trial before a jury.

## NAMES OF ATTORNEYS

At the Case Management Conference, Plaintiff will be represented by David C. Silver of

4863-7555-7415

Silver Miller, and Binance will be represented by Karen R. King of Morvillo Abramowitz Grand Iason & Anello P.C..

## CONSENT TO A MAGISTRATE JUDGE

The Parties do not consent to a trial before a magistrate judge.

Dated:  June 29, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ David C. Silver | /s/ Santosh Aravind |
| David C. Silver, Esq. | Santosh Aravind, Esq. |
| **SILVER MILLER** | **SCOTT DOUGLASS MCCONNICO LLP** |
| 4450 NW 126th Avenue - Suite 101 | 303 Colorado Street, Suite 2400 |
| Coral Springs, Florida 33065 | Austin, Texas 78701 |
| Telephone:     (954) 516-6000 | Telephone:     (512) 495-6300 |
| E-mail:  DSilver@SilverMillerLaw.com | E-mail:          saravind@scottdoug.com |
| *Counsel for Plaintiff Divya Gadasalli* | Karen R. King, Esq.  **MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.**  565 Fifth Avenue  New York, New York 10017  Telephone:     (212) 856-9600  Facsimile:      (212) 856-9494  E-mail:           kking@maglaw.com |
| | *Counsel for Defendant Binance Holdings, Ltd.* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 29th day of June 2022 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to **David C. Silver, Esq.**, SILVER MILLER, *Counsel for Plaintiff Divya Gadasalli*, 4450 NW 126th Avenue - Suite 101, Coral Springs, FL 33065; E-mail: DSilver@SilverMillerLaw.com.

 /s/ Santosh Aravind
 Santosh Aravind