# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

### Civil Action No. 4:22-cv-00249-ALM

DIVYA GADASALLI, an individual,

     Plaintiff,

v.

JERRY BULASA, an individual;
DONG LIAN, an individual; DANYUN LIN, an individual;
TD BANK, N.A., a national banking association;
ABACUS FEDERAL SAVINGS BANK, a federal savings bank;
BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; and
POLONIEX, LLC, a Delaware limited liability company;

     Defendants.

_____/

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BINANCE HOLDINGS, LTD.'S MOTION TO DISMISS AMENDED COMPLAINT

---

Respectfully submitted,

DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@SilverMillerLaw.com
**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone:    (954) 516-6000

*Counsel for Plaintiff Divya Gadasalli*

Plaintiff DIVYA GADASALLI ("Plaintiff"); by and through undersigned counsel and pursuant to Fed.R.Civ.P. 7 and E.D. Tex. Local Rule CV-7(d), hereby files this memorandum of law in opposition to the motion filed by Defendant BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company ("Defendant" or "BINANCE"), seeking to have the Amended Complaint in this matter dismissed.[1]  As explained in greater detail below, the Motion is insufficient and should be denied.  BINANCE's attempt to deny the propriety of jurisdiction in this Court is misplaced, belies BINANCE's public pronouncements of cooperation and transparency, and should not serve as an obstacle to the full and fair adjudication of the claims set forth in the Amended Complaint.  Apparently BINANCE believes it can buy into *Forbes*, sponsor the 2022 White House Correspondents' Dinner "Evening of Magical Realism," service accountholders through its U.S.-based entity, and be as American as apple pie; but when you want to hold BINANCE accountable for theft and money laundering, BINANCE claims it has no ties to the United States.  It is time to hold BINANCE accountable.  Most importantly, the Court should believe BINANCE when it describes itself: BINANCE refers to its worldwide operations as an ecosystem compromising of Binance websites, mobile applications, clients, applets, and other applications that are developed to offer Binance Services.[2]  The only time BINANCE is not one company is when it wants to avoid jurisdiction and responsibility.  Such self-serving shapeshifting is untenable and cannot be countenanced.  Personal jurisdiction over BINANCE is proper in this matter, and Plaintiff's claims against BINANCE should not be dismissed.

## **FACTUAL BACKGROUND**

BINANCE boldly proffers in its Motion several factual denials in an effort to evade personal jurisdiction in this forum.  In proffering its defense, though, BINANCE fails to aver through affidavits

---

[1] Docket Entry No. ("DE") 32 (the "Motion").

[2] *See*, Binance website: https://www.binance.com/en/terms.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

or other verified testimony its factual assertions, as required to overcome Plaintiff's jurisdictional allegations.  To be clear, nothing BINANCE says in its lawyer-created paperwork can be taken at face value when contradicted by the allegations in the Amended Complaint.  BINANCE's approach comes as no surprise, as swearing to false statements would engender for BINANCE far more grave consequences than just having to act as a passive defendant in this lawsuit.

Numerous public reports have identified BINANCE as perhaps the largest vehicle in the world through which cryptocurrency assets are laundered by U.S. residents -- a fact that belies the claim in BINANCE's Motion that it has no connection to this jurisdiction.  As reported by *Bloomberg* a few months ago:

> Binance Holdings Ltd. is under investigation by the [United States] Justice Department and Internal Revenue Service, ensnaring the world's biggest cryptocurrency exchange in U.S. efforts to root out illicit activity that's thrived in the red-hot but mostly unregulated market.
>
>        *                     *                     *
>
> The firm, like the industry it operates in, has succeeded largely outside the scope of government oversight. Binance is incorporated in the Cayman Islands and has an office in Singapore but says it lacks a single corporate headquarters. Chainalysis Inc., a blockchain forensics firm whose clients include U.S. federal agencies, concluded last year that among transactions that it examined, more funds tied to criminal activity flowed through Binance than any other crypto exchange.[3]

The last sentence cited above exactly parallels the allegations Plaintiff has made in her Amended Complaint: that she was robbed of a sum greater than Eight Million Dollars ($8,000,000.00); and that the people who robbed her have funneled those stolen assets through numerous accounts at BINANCE.  The stolen assets were transferred from a cryptocurrency account Plaintiff maintained

---

[3] Amended Complaint at ¶ 19, citing "Binance Faces Probe by U.S. Money-Laundering and Tax Sleuths," *Bloomberg*, May 13, 2021, https://www.bloomberg.com/news/articles/2021-05-13/binance-probed-by-u-s-as-money-laundering-tax-sleuths-bore-in.

in Texas to the BINANCE accounts, where the assets are believed to still be held.  The connection to Texas in this case is clear, notwithstanding BINANCE's desire to argue otherwise.

In fact, earlier this year, BINANCE publicly announced that it was teaming up with the National Cyber-Forensics and Training Alliance (NCFTA) -- an American non-profit entity with offices in spanning across the United States -- to "fight against cybercrime, ransomware, and terrorism financing."[4]   According to Tigran Gambaryan, Vice President of Global Intelligence and Investigations at BINANCE:

> Joining the NCFTA is an important step in our joint fight against cybercrime, securing the cryptocurrency ecosystem for the entire community.  Binance aims to be the leading contributor in the fight against cybercrime, ransomware, and terrorism financing.  We will continue our fight against cybercrime and increase our level of cooperation and transparency through our partnership with the NCFTA.[5]

The press release related to this announcement even states: "To date, Binance has cooperated with hundreds of criminal investigations, which have led to high-profile arrests, including a cybercriminal group laundering $500M in ransomware proceeds."[6]   "Cooperation" only takes place voluntarily, which BINANCE clearly has done in "hundreds of criminal investigations" and through its "partnership" with the American-based NCFTA and its activities throughout the United States, including within this jurisdiction.  It would be disingenuous for BINANCE to publicly laud its willingness to voluntarily cooperate in investigations against cybercrime yet refuse to participate in this

---

[4] Amended Complaint at ¶ 20, "NCFTA onboards crypto exchange Binance to fight against cybercrime," *CoinTelegraph*, Jan. 18, 2022, https://cointelegraph.com/news/ncfta-onboards-crypto-exchange-binance-to-fight-against-cybercrime

[5] Amended Complaint at ¶ 20, citing "Binance Becomes the Blockchain and Cryptocurrency Industry's First to Join the National Cyber-Forensics and Training Alliance (NCFTA)", *PR Newswire*, January 18, 2022, https://www.prnewswire.com/news-releases/binance-becomes-the-blockchain-and-cryptocurrency-industrys-first-to-join-the--national-cyber-forensics-and-training-alliance-ncfta-301462332.html.

[6] *Id.*

SILVER MILLER
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

legal proceeding wherein Plaintiff has alleged that BINANCE itself played a vital role in the cybercrime committed against him.  After the crime had been committed upon Plaintiff, Plaintiff put BINANCE on notice of the crime and of BINANCE's connection to, and participation in, the crime.[7]  BINANCE is now not only distancing itself from the crime but also distancing itself from participating in any remedy for the harm in which it played a vital part.

The CEO of BINANCE admits that BINANCE has the information and opportunity to stop these thefts and stop money laundering in its tracks.  Specifically, Mr. Zhao has stated: "If you look at data, nobody smart does that.  Crypto is too traceable.  The governments around the world are increasingly very good at tracing crypto transactions.  So crypto is not good for that."[8]  BINANCE was provided the tools to stop this theft and money laundering but chose not to.  And while Mr. Zhao says that "[W]e KYC everybody…", where is the proof of that?  The lawyers have not told this Court what the account information says, who traded Plaintiff's stolen assets, and how much BINANCE directly benefited through fees for trading stolen assets.

Without BINANCE's participation, JOHN DOE would not have been able to launder the funds stolen from Plaintiff.  Moreover, to the extent BINANCE has not already processed and disbursed those laundered funds, those funds are believed to still be held by BINANCE.  BINANCE is a key player in the harm that has been inflicted upon Plaintiff, and BINANCE must be a party before the Court to ensure that the proper legal adjudication and remedies are effectuated.

As stated in the Amended Complaint, BINANCE Chief Executive Officer Changpeng Zhao recently espoused on Twitter his unflinching belief in the importance of "*transparency, speedy*

---

[7] Amended Complaint at ¶ 105.

[8] "Opinion: Binance CEO explains why it's misleading to say crypto is anonymous," April 6, 2022, https://abc17news.com/money/cnn-business-consumer/2022/04/06/opinion-binance-ceo-explains-why-its-misleading-to-say-crypto-is-anonymous/.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

*communication, and owning responsibility*" when BINANCE does something wrong that harms a member of the cryptocurrency community:[9]



Notwithstanding that public pronouncement, BINANCE has denied Plaintiff everything stated by Mr. Zhao and continues to do so as this litigation progresses and Plaintiff's harm deepens.

## PLAINTIFF'S RESPONSE TO BINANCE'S STATEMENT OF THE ISSUES

In its Motion, BINANCE frames the issues to be decided by the Court in the following manner:

- Does the Court have personal jurisdiction (either general or specific) over BINANCE?

- Has Plaintiff properly stated against BINANCE a viable claim?

While BINANCE argues that both questions should be answered in the negative, Plaintiff demonstrates herein that both questions should actually be answered in the positive. The Court should exercise jurisdiction over BINANCE and require BINANCE to address the merits of the claims asserted by Plaintiff. BINANCE bears responsibility for Plaintiff's damages and should not be permitted to hide behind falsely-erected jurisdictional barriers that prevent the full and fair adjudication of Plaintiff's claims.

---

[9] Amended Complaint at ¶ 106.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## LEGAL ARGUMENT

### I.   BINANCE'S ATTACK ON PERSONAL JURISDICTION IS INSUFFICIENTLY SUPPORTED

"If there is no evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the party asserting jurisdiction is merely required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 342–43 (5th Cir. 2004). "The Court must accept as true the plaintiff's uncontroverted allegations and resolve any factual conflicts in favor of the plaintiff." *Id.* at 343. Plaintiff submits that with the well-pleaded allegations in her Amended Complaint, she has met that burden.

"If the plaintiff makes a *prima facie* showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" *Id.* Here, BINANCE has failed to file any affidavits, testimony, or documents in support of its Motion to overcome the *prima facie* case of personal jurisdiction Plaintiff has established; and BINANCE has not demonstrated that the Court's exercise of jurisdiction would in any way violate the notions of "fair play" and "substantial justice." Thus, it cannot be said that BINANCE raised a meritorious defense to personal jurisdiction.

To the extent that BINANCE first proffers the required evidentiary support with its Reply Brief -- thus robbing Plaintiff of her ability to address such evidence in this opposition memo[10] -- or if the Court is inclined to conclude the allegations in the Amended Complaint are not specific enough, Plaintiff respectfully requests that the Court forestall a ruling on the Motion and permit limited jurisdictional discovery to more specifically scrutinize the bases upon which the Court should exercise

---

[10] *See, Galderma Labs, L.P. v. Actavis Mid Atlantic, LLC*, Action No. 4:06-cv-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008) ("It is well settled that the reply brief may not contain new evidence."); *Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) ("It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.").

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

personal jurisdiction over BINANCE.  Among other things, Plaintiff would seek production from BINANCE of evidence showing BINANCE account activity in Texas, transfers to BINANCE emanating from Texas, the interrelatedness of BINANCE and its U.S.-based entity Binance.US, BINANCE's cooperation with state and federal law enforcement agencies in Texas investigating cybercrimes, and use/location of computer servers in Texas through which the crime perpetrated upon Plaintiff was conducted.  "Resolution of a pretrial motion that turns on findings of fact -- for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P 12(b)(2) -- may require some limited discovery before a meaningful ruling can be made."[11]

As BINANCE stated in the NCFTA press release referenced above, the company strives for "transparency."  Refusing to accede to jurisdictional discovery would belie the public pronouncement of transparency on which BINANCE claims to pride itself and would unjustly keep hidden the valid grounds upon which personal jurisdiction over BINANCE would be proper in this Court.

## II.  BINANCE HAS SUFFICIENT CONTACTS WITH TEXAS FOR THE COURT TO EXERCISE PERSONAL JURISDICTION

BINANCE argues in its Motion that the Court would be wrong to exercise personal jurisdiction over BINANCE in this action because BINANCE purportedly has too tenuous a connection to Texas to justify the exercise of personal jurisdiction and because the cause of action set forth in the Amended Complaint likewise does not provide a justifiable basis upon which to support personal jurisdiction.  Plaintiff submits that BINANCE misstates both the historical and ongoing extent of its involvement in Texas as well as the connectivity between the causes of action and the defendants in this matter.

> The reach of a state court's jurisdiction is defined by: (1) the state's long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment.  The Texas longarm statute authorizes the exercise of jurisdiction over nonresidents "doing business" in Texas.  **The Texas Supreme Court has interpreted the "doing business"**

---

[11] *See, Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

**requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits.**  Thus, the two-step inquiry is actually one federal due process analysis.

*Transplace Texas LP v. Higgins*, Case No. 4:10-cv-428, 2011 WL 623172, at *2 (E.D. Tex. Jan. 19, 2011) (Mazzant, J.) (emphasis added; internal citations omitted).  As shown herein, there are well-supported bases upon which to exercise jurisdiction over BINANCE in this matter.

## A.  Binance is Subject to General Jurisdiction in Texas

"Binance has been described as an international cryptocurrency exchange that hops around from jurisdiction to jurisdiction to avoid regulators."[12]  Notwithstanding BINANCE's efforts to position itself as not existing in any Earthly jurisdiction at any one time and not purposefully engaged in any activity in Texas, BINANCE exists in Texas in a manner that supports this Court's exercise of general jurisdiction over BINANCE.

According to BINANCE, its connections to Texas are not "so 'continuous and systematic' as to render [it] at home" in Texas.[13]  As BINANCE would have the Court believe, even if there are people in Texas who electronically use BINANCE's online cryptocurrency exchange (which BINANCE generally denies without verifiable evidence), that would not be sufficient to support invocation of personal jurisdiction over BINANCE in this court.  Such an argument was raised by another foreign-based international e-commerce giant (Alibaba) in its effort to avoid personal jurisdiction in a lawsuit in the United States, and the court in that matter explained the flaw of such a defense:

> Defendants next argue that Alibaba has failed to show that their role in the transactions at issue was "purposeful."  How could it be their doing, Defendants ask, if "unbeknownst to [them]," New York-based users of their website chose to effectuate cryptocurrency sales by initiating "data exchanges" with Defendants' out-of-state electronic "apparatus"? (Dkt. No. 130 at 2.)

---

[12] *Cox v. CoinMarketCap OpCo LLC*, Case No. CV-21-08197-PCT-SMB, 2021 WL 5908206, at *1 (D. Ariz. Dec. 14, 2021).

[13] Motion at 6.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

> Defendants' argument appears to boil down to the questionable claim that an out-of-state vendor selling intangible goods and services online has not acted intentionally with respect to an in-state buyer's subsequent purchase decision. Such a proposition, predictably enough, runs contrary to precedent.[14]

Plaintiff has alleged that BINANCE is indeed utilized by customers in the United States, including in this jurisdiction[15]; even if BINANCE wishes that were not true.  Though the specific extent of that usage is unknown to Plaintiff, narrowly-focused discovery (as suggested above) into BINANCE's corporate records and usage logs would provide insight into that statistic with greater precision than Plaintiff could provide on her own.

Moreover, "[t]he defendant's contacts with the forum state are evaluated 'over a reasonable number of years' up to the date the lawsuit was filed and are to be reviewed in total rather than in isolation from one another." *Transplace Texas LP*, supra at *3 (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).  The Amended Complaint clearly alleges that in 2018, 2019, and 2020, BINANCE had millions of users in the United States -- a user base that surpassed all other countries on Earth.[16]

---

[14] *Alibaba Group Holding Ltd v. Alibabacoin Foundation*, Case No. 18-CV-2897 (JPO), 2018 WL 5118638, at *4 (S.D.N.Y. Oct. 22 2018) ("*Alibaba*") (citations omitted).

[15] *See, e.g.*, Amended Complaint at ¶¶ 7, 33.

[16] Amended Complaint at ¶¶ 57-59.

SILVER MILLER
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com



Although that user traffic may have shifted in 2020 from BINANCE to its newly-created U.S.-based entity Binance.US, the name on the entry door is rather inconsequential; as "the relationship between the two essentially makes BINANCE at home in the United States, including in this jurisdiction."[17]  While BINANCE argues in its Motion that the "*Amended Complaint . . . contains no well pleaded allegations on any of the factors considered in an 'alter ego' analysis*,"[18] that assertion is belied by the detailed and plentiful allegations in the Amended Complaint[19], including the following:

    (a)  BINANCE has access to Binance.US's books and records, including Binance.US's most sensitive and confidential business information;

    (b)  BINANCE has the ability to control, and does in fact control, all corporate decision making at Binance.US;

    (c)  BINANCE provides the technology for the Binance.US on ramp;

---

[17] Amended Complaint at ¶ 62.

[18] Motion at 14.

[19] Amended Complaint at ¶¶ 64-71.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

(d) BINANCE provides the security practices and branding for Binance.US;

(e) BINANCE controls Binance.US's ability to meet regulatory standards. BINANCE has publicly reiterated that it is controlling the systems that are essential for its fiat on ramps to meet regulatory standards, explaining in a July 28, 2020 statement on the Binance.com website that "*Binance has implemented sophisticated compliance and monitoring systems for its fiat gateways, which include daily monitoring tools such as on-chain monitoring for cryptocurrency transactions.*" Binance.US is one of BINANCE's fiat on ramps;

(f) Upon information and belief, all or a substantial part of the capital used to establish Binance.US and fund its startup came from, or at the direction of, BINANCE or its principal owner and CEO, Changpeng Zhao;

(g) Through its "Terms of Use," captioned "BAM Platform Terms of Use," Binance.US requires its customers who reside in the United States to agree to indemnify and hold harmless entities that include BINANCE and individuals that include BINANCE's owner and CEO;

(h) Upon information and belief, BINANCE has access to Binance.US's user accounts or user information;

(i) Upon information and belief, Binance.US provides BINANCE with information about Binance.US customers; and

(j) BINANCE's Terms of Use inform consumers that a "Binance Fiat Gateway" -- one of which is Binance.US -- is a service provided by BINANCE.

The BINANCE and Binance.US websites look the same.[20] The colors, fonts, logos, phrasing, images, and position of items on their social media accounts are identically designed.[21] "BINANCE dictates every facet of Binance.US's business, from broad policy decisions to routine matters of day-to-day operation. Binance.US is a mere shell or conduit for the affairs of BINANCE."[22] In short, "[t]reating BINANCE's and Binance.US's identities as entirely separate and divided from one another would result in fraud or injustice," as "BINANCE used Binance.US as a decoy to feign compliance with U.S. regulations and distract regulators from U.S. trades on BINANCE's platform."[23] Though BINANCE

---

[20] Amended Complaint at ¶ 66.

[21] Amended Complaint at ¶ 67.

[22] Amended Complaint at ¶ 70.

[23] Amended Complaint at ¶¶ 68-69.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

argues that Plaintiff "*has not set forth any specific facts suggesting the existence of an alter ego relationship*,"[24] that argument simply rings hollow in view of the *prima facie* showing Plaintiff has made in her Amended Complaint.

In addition to the foregoing, as noted above, BINANCE itself has admitted that it has cooperated in "hundreds of criminal investigations"; and Plaintiff believes that many of those investigations routinely run through the state of Texas.  For example, the Texas State Securities Board (TSSB) is one of the most active and prominent state-based regulatory bodies in the United States that investigates and prosecutes malfeasant actions by cryptocurrency businesses and harm-inducing actors.  In one such prosecution, the TSSB issued a March 2021 "Cease and Desist Order" to prevent a Binance impersonator from operating in Texas under the business names "Binance Assets" and "BinanceAssets LTD" -- an Order that, upon information and belief, was issued with BINANCE's assistance and approval and which BINANCE's Chief Executive Officer (Changpeng "CZ" Zhao) publicly praised on Twitter on the company's behalf:[25]



---

[24] Motion at 15 n. 7.

[25] Amended Complaint at ¶ 34.

Again, the documentation of those efforts resides in BINANCE's records; and Plaintiff submits that a brief foray into those records (properly redacted, as necessary) will unequivocally demonstrate the depths of BINANCE's regular and systematic activities in Texas.

Likewise, BINANCE is presently involved in two forfeiture proceedings in Texas -- one in this Court:

- *United States of America v. Approximately $1,044,080 Seized from a Binance Account in the Name of "Evengnii Polianin"*, U.S. District Court - Northern District of Texas, Case No. 3:22-cv-577; and

- *United States of America v. 3.0103 BTC, 1.0017 ETH, and 372,516.27 USDT, Associated with Binance User ID 26257660 in the Name of Ogaga Michael Panama*, U.S. District Court - Eastern District of Texas, Case No. 6:22-cv-00037

and BINANCE has already shown in those cases its willingness to comply with forfeiture demands of the United States Attorney's Office when called upon to disburse ill-gotten cryptocurrency (even prior to commencement of the forfeiture matter pending in this Court, BINANCE turned over to the United States Attorney's Office the cryptocurrency at issue).  Unlike the United States Attorney's Office, a civil litigant like Plaintiff does not have the power on her own to compel BINANCE to turn over stolen cryptocurrency.  She must rely on the Court to right the wrong committed upon her to reclaim from BINANCE her stolen assets, which is predicated on the Court exercising jurisdiction over BINANCE.  BINANCE works with law enforcement, just not civil plaintiffs.

Furthermore, earlier this year, BINANCE bought a $200 million ownership interest in *Forbes*.[26] The following month, BINANCE publicly touted it was the official cryptocurrency exchange partner for the 64th Annual GRAMMY Awards.[27]  BINANCE even served as the sponsor of the April 2022

---

[26] Amended Complaint at ¶ 37.  "Binance, led by the world's richest crypto billionaire, is taking a $200 million stake in Forbes," February 10, 2022, https://www.cnbc.com/2022/02/10/forbes-spac-binance-led-by-the-worlds-richest-crypto-billionaire-is-taking-a-200-million-stake-in-forbes-.html.

[27] Amended Complaint at ¶ 38.  "Binance Signs On To Be The Official Cryptocurrency Exchange Partner of the 64th Annual GRAMMY Awards®" *Binance Blog*, March 31, 2022,

White House Correspondents' Dinner "Evening of Magical Realism."[28]   The footprint of BINANCE's ecosystem is undeniably imprinted across the United States, including in Texas.[29]

Moreover, as detailed in the Amended Complaint, BINANCE "*launched several celebrity-fueled advertisements during the [February 2022] Super Bowl to solicit accountholders in the United States, including in this jurisdiction.*"[30]   Among the celebrities promoting BINANCE's brand are Jimmy Butler, a Texas-born player for the National Basketball Association's Miami Heat who has a legion of fans across Texas[31]:



BINANCE's ecosystem reaches all across the United States, including in Texas.   In its Motion, BINANCE asserts that these marketing efforts are not solicitations of Texas-based consumers; rather,

---

https://www.binance.com/en/blog/markets/binance-signs-on-to-be-the-official-cryptocurrency-exchange-partner-of-the-64th-annual-grammy-awards%C2%AE-421499824684903639.

[28] Amended Complaint at ¶ 39.

[29] Amended Complaint at ¶ 40.

[30] Amended Complaint at ¶¶ 41-42.

[31] Amended Complaint at ¶¶ 43-44.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

they are nothing more than a "*consumer empowerment campaign.*"[32]  When you review this advertisement, though, the advertisement is for BINANCE as BINANCE describes itself: <u>an</u> <u>ecosystem</u>.  Jimmy Butler is being paid by BINANCE to attract users to the BINANCE ecosystem.  The advertisement does not parse out any particular business division within the BINANCE ecosystem; rather, it blends BINANCE into what it really is – one big company that does business across the world, including in Texas.  The argument in BINANCE's Motion simply serves as a factual denial of the allegations in Plaintiff's Amended Complaint that BINANCE is indeed soliciting clients to further its financial interests in Texas.  Those allegations, and all reasonable inferences to be drawn therefrom, must be accepted as true at this stage of the pleadings.  "Technology has opened up new avenues for solicitation.  A new means of solicitation, though, is not any less of a solicitation."[33]

Lastly, BINANCE cites in its Motion to a decision in *Guarini v. Doe and Binance*, Case No. 21-cv-81890-MIDDLEBROOKS (S.D. Fla. Apr. 5, 2022) for the proposition that personal jurisdiction over BINANCE does not exist in the United States.  In doing so, BINANCE misrepresents both the holding and the gravity of the *Guarini* decision.  The Amended Complaint on which the Court rendered its decision in *Guarini* presented a far more constricted set of jurisdictional allegations than the Amended Complaint in the instant matter does.  Plaintiff's Amended Complaint herein is far broader, and alleges a much more substantial basis demonstrating the propriety of personal jurisdiction over BINANCE, than the pleading in *Guarini* did.  While Plaintiff would respectfully disagree with the Court's ruling in *Guarini* as that decision relates to personal jurisdiction over BINANCE in Florida, that ruling is only of modest importance in the instant case in this Court; which must be adjudicated on the factual allegations presented-and-accepted-as-true (at this Motion to Dismiss stage) herein, not on a far less expansive set of facts that were presented in a separate lawsuit in a separate jurisdiction.

---

[32] Motion at 8-9.

[33] Amended Complaint at ¶ 45.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

### B.    Binance is Subject to Specific Jurisdiction in Texas

As it relates to this specific litigation, BINANCE asserts in its Motion that "*a plaintiff must demonstrate that the nonresident defendant purposefully directed contacts at the forum, and the alleged injury arises out of or relates to those contacts.*"[34]  To distance itself from this jurisdiction, BINANCE expends great efforts to drive a wedge between itself and its United States-based entity Binance.US.[35]  However, nowhere in the Amended Complaint does Plaintiff allege that BINANCE's presence in Texas is *entirely* a result of Binance.US's operations.  In fact, the existence of Binance.US is not the only manner in which BINANCE undertakes actions within Texas.

Additionally, BINANCE argues in its Motion that even if BINANCE's activities were sufficient to establish business by BINANCE in Texas, "*Plaintiff cannot show that her alleged injury arises from such business activity.*"[36]  That argument is simply belied by the allegations of the Amended Complaint.[37]  Plaintiff's allegations are based upon the actions and inactions of BINANCE operating through its own self-described ecosystem of business entities and services, one of which is Binance.US.  That ecosystem exists in Texas and allowed JOHN DOE to convert and launder through a BINANCE account the cryptocurrency assets stolen from Plaintiff.  The causes of action asserted against the defendants (Fraudulent Inducement; Negligent Misrepresentations; Conversion; Civil Conspriacy) quite patently arise from such activity, and any argument to the contrary is misplaced.

---

[34] Motion at 10.

[35] *Id.* at 11-12.

[36] *Id.* at 11.

[37] *See, e.g.*, Amended Complaint at ¶ 31 ("*Plaintiff's claims also arise out of or relate to forum-related activities. For example, Plaintiff's fraudulent inducement and conversion claims arise out of or relate to Defendant BULASA stealing, and BINANCE and POLONIEX taking possession of, Plaintiff's stolen cryptocurrency when it was transferred from Plaintiff's possession in Texas to the BINANCE and POLONIEX exchanges.*"); and Amended Complaint at ¶¶ 29-30, 139-140, 147, 149 (pointing to BINANCE's knowingly-insufficient "Know Your Customer" and Anti-Money Laundering protocols that facilitates laundering of stolen assets including by BINANCE users in the United States within Texas.).

SILVER MILLER
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

In its Motion, BINANCE cites *Walden v. Fiore*, 571 U.S. 277 (2014) for the proposition that "mere injury to a forum resident is not a sufficient connection to the forum" to support personal jurisdiction over a foreign defendant.  However, *Walden* is clearly inapposite to the instant matter; as the plaintiff in *Walden* was a Georgia resident who was injured in Georgia yet who sought to bring a civil lawsuit in Nevada for reasons the court found to be ephemeral and "not the sort of effect that is tethered to Nevada in any meaningful way" to either his injury or the accrual of the causes of action asserted in the lawsuit.[38]  To the contrary, Plaintiff in the instant matter is a Texas resident who was victimized by a crime in Texas -- a crime effectuated by both JOHN DOE and BINANCE through the transfer of stolen funds Plaintiff had been holding in Texas but which were transferred from Texas to BINANCE -- which is why she is pursuing relief in this Court.  The "business activity" that draws BINANCE into this lawsuit is precisely and inextricably entwined with the harm that has been inflicted upon Plaintiff.  BINANCE's arguments to the contrary are misplaced and patently wrong.

For the reasons set forth above, as well as those Plaintiff can provide in greater detail following a brief round of jurisdictional discovery (if necessary), Plaintiff submits that the Court is well within its proper authority to exercise personal jurisdiction over BINANCE in this matter.  BINANCE was put on notice by Plaintiff of the theft from Plaintiff that occurred; and BINANCE must remain a party to these proceedings -- with all the "transparency" BINANCE claims is its mantra in combatting cybercrime -- to effectuate justice and the proper legal remedies.  BINANCE cannot and must not be allowed to play a vital role in the theft of cryptocurrency assets in Texas and then, when notified of such theft, refuse to cooperate with the victim and refuse to be held accountable for implementing the very results for which BINANCE claims to advocate.

---

[38] *Walden*, 571 U.S. at 290 (explaining that the plaintiff's alleged injury would have been experienced in California, Mississippi, or wherever else he might have traveled).

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

### III.   PLAINTIFF HAS ADEQUATELY PLEADED HER CLAIM FOR CIVIL CONSPIRACY

Lastly, Defendant argues that Count IV of the Amended Complaint ("Civil Conspiracy") should be dismissed as insufficiently pleaded as to BINANCE.  In essence, BINANCE argues that the Amended Complaint does not adequately allege -- and that Plaintiff purportedly cannot allege -- the existence of a conspiracy in which BINANCE participated as a vital contributor.  In short, BINANCE argues that Plaintiff has not alleged BINANCE acted with the requisite knowledge of the object of the conspiracy to impose upon BINANCE any liability for its own acts and omissions.

Contrary to BINANCE's argument, the Amended Complaint clearly asserts that BINANCE not only had knowledge of the theft, BINANCE knew but ignored that its inadequate "Know Your Customer" and Anti-Money Laundering protocols fostered the theft; knew but ignored that it was harboring in its custody assets stolen from Plaintiff, and concealed from Plaintiff and her representatives material information about BINANCE's knowledge of the crime.[39]  With great detail, the Amended Complaint alleges:

> PARAGRAPH 147: To fulfill its role in the conspiracy, Defendant BINANCE agreed to facilitate the laundering and ultimate dissipation of Plaintiff's stolen assets by:
>
> (a)  Accepting into, and maintaining in, the BINANCE accounts and wallets identified above Plaintiff's stolen assets despite being on notice that those funds were stolen;
>
> (b)  Declining to implement AML and KYC controls that would have required BINANCE to freeze the accounts and wallets identified above and report the suspicious activity to regulators and law enforcement;
>
> (c)  Allowing Defendant BULASA, Defendant LIAN, and Defendant LIN to launder and dissipate Plaintiff's stolen assets through BINANCE;
>
> (d)  Concealing material information from Plaintiff and her representatives;

---

[39] Amended Complaint at ¶¶ 137, 143-145.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

(e) Refusing to freeze the BINANCE accounts and wallets identified above despite knowing the accounts contained Plaintiff's stolen assets; and

(f) Fraudulently maintaining that a plausible explanation exists for the patently-illegal laundering of Plaintiff's stolen funds through the BINANCE accounts and wallets identified above.

PARAGRAPH 148: BINANCE knowingly assisted, furthered, encouraged and concealed the conspiracy by, among other things:

(a) Failing to implement or maintain a freeze on the BINANCE accounts and wallets after BINANCE was notified that those accounts/wallets were being used to move the proceeds of a crime;

(b) Refusing to provide Plaintiff's lawyers and investigators with, and thwarting their efforts to otherwise obtain, information necessary to prevent the further dissipation of Plaintiff's stolen assets;

(c) Knowingly permitting the continued use of its exchange to launder the proceeds of the crime, including by continuing to allow transfers of stolen cryptocurrency into the BINANCE accounts and wallets even after BINANCE was notified of the theft and that those accounts/wallets were being used to move the proceeds of crime;

(d) Failing to perform adequate customer due diligence and KYC procedures at the time Defendant BULASA and his agents opened accounts at BINANCE;

(e) Employing atypical policies related to the opening of accounts, deposits, and withdrawals, in that BINANCE allowed new users to open accounts and transact on the exchange without demanding from its accountholders any meaningful identification or KYC information;

(f) Enabling cryptocurrency thieves like Defendant BULASA to open an unlimited number of anonymous trading accounts on its exchange, thereby hindering detection and identification of the thieves;

(g) Failing to utilize adequate AML transaction monitoring software systems to review and flag the suspicious money laundering transactions on its exchange that were involved in the theft of Plaintiff's assets; and

(h) Failing to file the requisite SARs tied to the suspicious money laundering transactions on its exchange that were involved in the theft of Plaintiff's assets.

But for BINANCE's participation, the conspiracy would not have succeeded; and Plaintiff would not

be pursuing BINANCE for her stolen cryptocurrency.

BINANCE knowingly and materially participated in the theft of Plaintiff's assets, and the circumstances alleged in the Amended Complaint plausibly support a claim for liability against BINANCE.  The Court is well within its authority to impose the relief requested by Plaintiff, and Count IV of the Complaint should therefore not be dismissed against BINANCE.

## CONCLUSION

For all of the reasons stated above, Plaintiff DIVYA GADASALLI respectfully requests that the Court: (a) deny the Motion to Dismiss filed by Defendant BINANCE, and (b) enter such other relief as the Court deems just and proper.

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone:       (954) 516-6000

By:   */s/ David C. Silver*
        DAVID C. SILVER
        Florida Bar No. 572764
        E-mail: DSilver@SilverMillerLaw.com

        *Counsel for Plaintiff Divya Gadasalli*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this   13th   day of July 2022 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **SANTOSH ARAVIND, ESQ.**, SCOTT DOUGLASS MCCONNICO LLP, *Counsel for Binance Holdings, Ltd.*, 303 Colorado Street - Suite 2400, Austin, TX 78701, E-mail: SAravind@ScottDoug.com; and **KAREN R. KING, ESQ.**, MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C., *Counsel for Defendant Binance Holdings, Ltd.*, 565 Fifth Avenue, New York, New York 10017, E-mail: kking@maglaw.com.

        */s/ David C. Silver*
        DAVID C. SILVER