UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DIVYA GADASALLI, an individual, | Case No. 4-22:CV-00249 |
| Plaintiff, | Hon. Amos L. Mazzant, III |
| - v. - | |
| JERRY BULASA, an individual; <br> DONG LIAN, an individual; <br> DANYUN LIN, an individual; <br> TD BANK, N.A., a national banking association; <br> ABACUS FEDERAL SAVINGS BANK, a federal savings bank; <br> BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; and <br> POLONIEX, LLC, a Delaware limited liability company, <br> POLO DIGITAL ASSETS, LTD, a foreign company <br> Defendants. | |

**DEFENDANT BINANCE HOLDINGS LTD'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT
<u>FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM</u>**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

    I.    Binance is Not Subject to General Jurisdiction in Texas...................................... 2

    II.   This Court Lacks Specific Jurisdiction Over Binance .......................................... 5

    III.  Plaintiff is Not Entitled to an Affidavit or Discovery........................................... 7

    IV.  Alternatively, the Amended Complaint Should be Dismissed Under Rule 12(b)(6) Against Binance For Failure to Plead a Cognizable Claim. ................................ 8

CONCLUSION...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alibaba Group Holding Ltd. v. Alibabacoin Foundation*
   2018 WL 5118638 (S.D.N.Y. Oct. 22, 2018) ............................................................................ 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 10

*Covington Marine Corp. v. Xiamen Shipbuilding Indus. Co.*,
   504 F. App'x 298 (5th Cir. 2012) ............................................................................................ 8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................................ 2, 3

*Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*,
   24 F.4th 491 (5th Cir. 2022) .................................................................................................... 6

*Firestone Steel Prod. Co. v. Barajas*,
   927 S.W.2d 608 (Tex. 1996) ................................................................................................... 9

*First United Pentecostal Church of Beaumont v. Parker*,
   514 S.W.3d 214 (Tex. 2017) ................................................................................................... 9

*Frank v. P N K (Lake Charles) L.L.C.*,
   947 F. 3d 331 (5th Cir. 2020) .................................................................................................. 2

*Getagadget, L.L.C. v. Jet Creations Inc.*,
   2022 WL 964204 (5th Cir. Mar. 30, 2022) ............................................................................. 7

*Hazim v. Schiel & Denver Book Publishers*,
   647 F. App'x 455 (5th Cir. 2016) ............................................................................................ 7

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
   615 F.3d 579 (5th Cir. 2010) ................................................................................................... 5

*Johnson v. TheHuffingtonPost.com, Inc.*,
   21 F.4th 314 (5th Cir. 2021) ............................................................................................... 7, 8

*Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*,
   66 F. Supp. 3d 813 (E.D. Tex. 2014) ...................................................................................... 3

*McFadin v. Gerber*,
   587 F.3d 753 (5th Cir. 2009) ................................................................................................... 5

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) .................................................................................. 3, 5, 6

*Residents of Gordon Plaza, Inc. v. Cantrell*,
    25 F.4th 288 (5th Cir. 2022) .......................................................................................... 10

*Reynolds v. Binance Holdings Ltd.*,
    481 F. Supp. 3d 997 (N.D. Cal. 2020) ............................................................................ 8

*Transplace Texas, L.P. v. Higgins*,
    2011 WL 623172 (E.D. Tex. Jan. 19, 2011) ................................................................... 3

*Tri v. J.T.T.*,
    162 S.W.3d 552 (Tex. 2005) ........................................................................................... 9

*Walden v. Fiore*
    571 U.S. 277 (2014) ........................................................................................................ 6

*WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*,
    989 F.3d 343 (5th Cir. 2021) .......................................................................................... 9

## Other Authorities

8 Fed. Prac. & Proc. Civ. § 2008.3 (3d ed.) ........................................................................ 7

**INTRODUCTION**

Plaintiff's opposition brief ignores the fundamental defect of her Amended Complaint—Binance's only connection to this matter is the allegation that, after Plaintiff voluntarily transferred cryptocurrency to Defendant Bulasa, he allegedly stole that cryptocurrency and, at some point, a portion of those funds was transferred to or through accounts on Binance's platform. Under well-established legal precedent and Constitutional principles, this remote connection does not give rise to personal jurisdiction over Binance, a non-U.S. company.

Plaintiff tries to divert attention away from black letter law by repeating conclusory and irrelevant allegations in the Amended Complaint, quoting press articles about discussing Binance's supposed contacts with the United States as a whole, and speculating about Binance's operations. These claims do not have anything to do with the case at hand, much less establish any connection between Binance and Texas. Similarly, Plaintiff is not entitled to jurisdictional discovery where she cannot plead basic facts giving rise to personal jurisdiction.

Finally, with respect to the substantive claim for civil conspiracy, Plaintiff merely repeats the conclusory assertions in the Amended Complaint which, as discussed in Binance's opening brief, fall far short of supporting any inference that Binance had a "meeting of the minds" with any co-conspirator. Indeed, the Amended Complaint fails to allege that Binance had any knowledge at all of Bulasa's alleged fraud, nor any communication with Bulasa or any other defendant. Because Plaintiff's theory has no legal basis, the Amended Complaint should be dismissed for failure to state a claim.

# ARGUMENT

I.  **Binance is Not Subject to General Jurisdiction in Texas**

There is no dispute that Binance is a non-U.S. entity, and that Texas is neither the headquarters nor the principal place of business for the company. Plaintiff does not—and cannot—plead that Binance is "at home" in Texas. Under well-established U.S. Supreme Court and 5th Circuit precedent, there is no general jurisdiction over Binance. Br. at 4-5;[1] *see Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014); *Frank v. P N K (Lake Charles) L.L.C.*, 947 F. 3d 331, 339 (5th Cir. 2020). Plaintiff's arguments cannot overcome black letter law.

*First,* Plaintiff relies upon allegations that "Binance is indeed utilized by customers in the United States, including in this jurisdiction." Opp. at 9. This bare assertion is contradicted by the terms and conditions of Binance's platform, which restricts United States-based users. Br. at 13. Moreover, allegations of contacts in the United States as a whole do not speak to any contacts that Binance has with *Texas* as required to establish general jurisdiction.[2] *See Guarini v. Doe, et al.*, No. 21-cv-81890, at *6 (S.D. Fla. Apr. 5, 2022) (finding court lacked general jurisdiction over Binance because factual allegations about "customers' use of [Binance's] services in the United States is woefully inadequate to support the exercise of general jurisdiction over [Binance].")[3]

---

[1] This reply adopts the abbreviations used in Defendant Binance's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim, filed June 20, 2022, cited herein as "Br. __." Citations to "Opp. __" shall refer to Plaintiff's Memorandum of Law in Opposition, filed July 13, 2022.

[2] For the same reason, Plaintiff's citation to allegations about Binance's alleged purchase of a stake in the magazine *Forbes,* its partnership with the Grammy Awards, or its sponsorship of the White House Correspondent's Dinner (Opp. at 13-14) are all irrelevant to personal jurisdiction as they have nothing to do with personal jurisdiction in Texas.

[3] Plaintiff's attempt to distinguish the recent decision in *Guarini* from the instant case as involving a "more constricted set of jurisdictional allegations" is unavailing. Opp. at 15. *Guarini* involved similar conduct to that at issue here; namely, a "theft" of cryptocurrency that was alleged, without tracing data, to have been routed through a Binance account. *See id.* at *1. The

Even the case cited by Plaintiff recognizes that only contacts with *Texas* are relevant to the jurisdictional analysis. *See Transplace Texas, L.P. v. Higgins,* No. 4:10-cv-428, 2011 WL 623172, at *5 (E.D. Tex. Jan. 19, 2011) (analyzing individual defendant's contacts with Texas).

But even if the Amended Complaint had detailed allegations about Texas-based users—which it does not—such allegations would still be insufficient, as the mere existence of customers in the jurisdiction does not give rise to general jurisdiction. *See Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.,* 66 F. Supp. 3d 813, 822 (E.D. Tex. 2014) (holding that "doing business with persons in a particular district is not enough to satisfy the requirement of general jurisdiction that the corporation's contacts with the forum be so continuous and systematic as to render the corporation essentially at home in the forum.") (citing *Daimler,* 571 U.S. at 139)**;** Br. at 7-8.

Plaintiff's reliance on *Alibaba Group Holding Ltd. v. Alibabacoin Foundation* (Opp. at 8-9) is misplaced. No. 18-CV-2897 (JPO), 2018 WL 5118638, at *4-*5 (S.D.N.Y. Oct. 22, 2018). The language quoted in Plaintiff's brief is about specific jurisdiction under New York's long-arm statute, not general jurisdiction. *Alibaba* does not stand for the untenable position that having customers in New York gives rise to general jurisdiction in that state. In any event, the law in this Circuit is clear that "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (declining to exercise jurisdiction based upon a Cayman bank's interactive website).[4]

---

Amended Complaint—drafted by the same counsel—contains similar jurisdictional allegations. The only significant additions in this complaint are a reference to a single advertisement, the alleged use of VPNs by unidentified individuals, and the connection of unspecified "third parties" with Texas, none of which change the general jurisdiction analysis.

[4] Even as to specific jurisdiction, *Alibaba* is factually distinguishable because the plaintiff in that case identified specific sales made by defendant in the forum state that contributed to the harm at issue and were directly relevant to the dispute. *Id.* at *3.

3

*Second*, Plaintiff has failed to make a *prima facie* showing that alter ego jurisdiction exists. Plaintiff does not engage with Binance's arguments about the requirements for alter ego status, and fails to address either the case law cited in Binance's motion to dismiss or the public records showing that Binance and BAM are completely separate entities. *See* Br. at 12-16. All that is contained in Plaintiff's opposition papers is a copy and paste of the Amended Complaint's allegations (*see* Opp. at 10-12), without any analysis on the sufficiency of these allegations or a single case in response to Binance's arguments. Moreover, Plaintiff ignores the fact that, even if these companies were alter egos, the Amended Complaint does not allege *any* contacts between BAM and Texas sufficient to establish personal jurisdiction over BAM, making Plaintiff's alter ego argument irrelevant.

*Third*, Plaintiff argues, without any legal support, that Binance's cooperation in "hundreds of criminal investigations" (which Plaintiff "believes" must routinely run through Texas) gives rise to general jurisdiction over the company. Opp. at 12-13. Plaintiff's belief that "many" investigations run through Texas is conclusory and speculative. While Plaintiff's brief improperly makes new allegations, not found in the Amended Complaint, that two forfeiture proceedings have been brought against Binance accounts in Texas courts, nothing about these government efforts demonstrates "participation" by Binance, especially since Binance is not named as a party in either proceeding. Opp. at 13. As stated in Binance's opening brief (and not addressed by Plaintiff), it would be illogical and against public policy to allow alleged assistance to law enforcement to render Binance "at home" in Texas. *See* Br. at 9.

*Fourth,* Plaintiff's invocation of a single advertising video fails to provide any jurisdictional hook. Opp. at 14–15. Plaintiff ignores the caselaw cited in Binance's motion, finding that generalized advertisements are insufficient to establish general jurisdiction. Br. at 8-

4

9; *see also Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010). Here, Plaintiff merely alleges that a video was published on the internet, without any specific direction to Texas. This falls far short of any "continuous and systematic" contacts that would allow a finding that Binance is "at home" in Texas.

In short, Plaintiff does not come anywhere close to meeting the "incredibly difficult" standard for establishing general jurisdiction over Binance, an out-of-state entity that is not domiciled in Texas. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

## II. This Court Lacks Specific Jurisdiction Over Binance

As to specific jurisdiction, nothing in Plaintiff's response explains how the cause of action "arises from" any purported Binance activity in Texas. *See McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The Amended Complaint's specific jurisdictional assertions focus primarily on assertions about Binance.US—an entirely different entity. *See* Am. Compl. ¶¶ 18, 63. Apparently recognizing that the Amended Complaint's allegations against Binance.US do not establish jurisdiction over Binance, Plaintiff now claims that the Binance "ecosystem" establishes jurisdiction. Opp. at 16. Yet the Amended Complaint does not cite any specific allegations invoking a connection with Texas outside of the allegations related to Binance.US. Nor is there anything beyond a conclusory assertion that the so-called "ecosystem exists in Texas." Opp. at 16.

Indeed, Plaintiff's sole claim that Binance "allowed [Defendant] John Doe to convert and launder through a Binance account the cryptocurrency assets stolen from Plaintiff" (Opp. at 16) speaks not to any action taken by Binance, but to the actions of an unknown defendant. We assume the reference to John Doe is a drafting error and that this was intended to refer to Defendant Bulasa. In any event, the fact that Plaintiff was allegedly the victim of a theft committed by Bulasa (or John Doe) has no bearing on the statutory requirement that *Binance* must commit a specific act

directed towards Texas for this Court to exercise specific jurisdiction.[5] No such act is pleaded. Plaintiff does not even allege that the Binance accounts to which the funds were transferred were held in Texas.

While Plaintiff does not dispute the black letter law set forth by the Supreme Court in *Walden v. Fiore*—that a "mere injury to a forum resident is not a sufficient connection to the forum" (Opp. at 17)—she claims that the facts of this case are distinguishable. 571 U.S. 277, 290 (2014). Yet *Walden's* fundamental jurisdictional principle is widely recognized in this Circuit. *See Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.,* 24 F.4th 491, 497 (5th Cir. 2022) ("The proper question is not where the plaintiff experienced a particular injury or effect, but whether the defendant's conduct connects [it] to the forum in a meaningful way."); *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) ("Nor can the plaintiff's own contacts with the forum be used to demonstrate contacts by the defendant") (citing *Walden,* 571 U.S. at 284). Plaintiff cannot flip this analysis on its head by claiming she was "victimized by a crime in Texas" (Opp. at 17) when the sole link to Texas is that her funds originated there before she transferred them to Bulasa in New York (*see* Am. Compl. ¶ 11).

Plaintiff's remaining argument that Binance was put on notice of the theft after the fact and must be a party to allow for "justice," "transparency," and "proper legal remedies" does not change the jurisdictional analysis or dispense with fundamental constitutional requirements. Opp. at 17. Because there are no allegations of general business activity by Binance in Texas that gave rise to the events at issue, there is no basis for this Court to exercise personal jurisdiction over a non-U.S. company. Moreover, the tortfeasor here is plainly Defendant Bulasa (whom Plaintiff still has not

---

[5] This argument is further inconsistent with the Amended Complaint because Plaintiff does not allege that Bulasa or any other defendant "stole[]" cryptocurrency from her, but rather that she voluntarily transferred funds to accounts controlled by Bulasa. *See* Am. Compl. ¶¶ 87, 90.

6

served). The alleged harm to Plaintiff has nothing to do with Binance, and there is no injustice in requiring Plaintiff to meet her burden of establishing personal jurisdiction.

### III. Plaintiff is Not Entitled to an Affidavit or Discovery.

As a further demonstration that her own allegations are deficient, Plaintiff argues that the decision to not supplement Binance's motion with an affidavit somehow diminishes its argument that Plaintiff has failed to carry her burden. Opp. at 6. The Court should summarily reject this classic "heads I win, tails you lose" contention. As the Court similarly found in *Guarini,* it was entirely appropriate *not* to submit an affidavit when Plaintiff has not come close to making out a *prima facie* showing of personal jurisdiction. *Guarini,* No. 21-cv-81890, at *4-*5 ("[B]ecause Defendant is attacking Plaintiff's prima facia case, no affidavits are necessary"). Had Binance submitted an affidavit, Plaintiff would no doubt have used it to support her request for additional discovery. Such an approach erodes the pleading framework for personal jurisdiction.

Plaintiff's fallback request for jurisdictional discovery should also be rejected. Opp. at 6-7. "A district court may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction, or if the proposed discovery seems unlikely to shed light on the jurisdictional question." Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2008.3 (3d ed.); *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 460 (5th Cir. 2016) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."). Where, as here, a complaint does not allege sufficient facts supporting the court's exercise of personal jurisdiction, jurisdictional discovery cannot be used as "a jurisdictional fishing expedition based on a plaintiff's general averments that more discovery will prove our jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 326 (5th Cir. 2021); *Getagadget, L.L.C. v. Jet Creations Inc.,* No. 19-51019, 2022 WL 964204, at *6 (5th Cir. Mar. 30, 2022) ("[T]he district court was not required to authorize a fishing expedition for

[plaintiff] to discover in the first instance whether or not it had actually been injured in Texas"); *see also Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1010 (N.D. Cal. 2020) (denying request for jurisdictional discovery against Binance where the plaintiff's "bare allegations [were] insufficient to justify jurisdictional discovery" and where the plaintiff "offer[ed] no more than a hunch that discovery would yield jurisdictionally relevant facts"). !

Plaintiff has not established any good faith basis to believe that discovery would unearth facts that would give rise to jurisdiction. Instead, she proposes to search generally for Binance accounts or servers that might be located in Texas, or transfers that might have been made to or from unidentified Texas accounts. Opp. at 7. Such a fishing expedition is not grounded in allegations from the Amended Complaint. Nor does Plaintiff show how the requested discovery is "likely to produce the facts needed to withstand dismissal," *Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 326 (5th Cir. 2021). Similarly, Plaintiff fails to allege any specific facts about the alleged "interrelatedness" of Binance and BAM (while ignoring the public records to the contrary), that would support alter egos status or warrant jurisdictional discovery. *See Covington Marine Corp. v. Xiamen Shipbuilding Indus. Co.,* 504 F. App'x 298, 303 (5th Cir. 2012) (upholding denial of discovery into alter ego status where plaintiff alleged only general allegations rather than the required specific facts to establish alter ego jurisdiction).

**IV.     Alternatively, the Amended Complaint Should be Dismissed Under Rule 12(b)(6) Against Binance For Failure to Plead a Cognizable Claim.**

On the pleading deficiencies of her purported claim for civil conspiracy, Plaintiff does not engage with the arguments and caselaw cited in Binance's brief. Similar to her treatment of the alter ego theory, Plaintiff merely repeats the allegations in the Amended Complaint word-for-word and then asserts in conclusory fashion that the allegations are sufficient to state a claim for civil

conspiracy. Opp. at 18-19. This response—in which Plaintiff does not cite a single case—lays bare the insufficiencies in Plaintiff's Amended Complaint.

As discussed in Binance's opening brief, a claim for civil conspiracy requires that a defendant have a meeting of the minds with co-conspirators with specific intent to accomplish something unlawful. *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*, 989 F.3d 343, 358 (5th Cir. 2021); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017); Br. at 16-17. Moreover, such a meeting of the minds must occur "at the outset of the combination or agreement." *Parker*, 514 S.W.3d at 222.

In her opposition brief, Plaintiff points to no allegations in the Amended Complaint that suggest that Binance had any knowledge of the alleged fraud, or any communication at all with any other defendant, let alone any meeting of the minds with other defendants at the outset with specific intent to cause harm to Plaintiff. Instead, Plaintiff simply repeats the assertion that Binance "knew but ignored that its inadequate 'Know Your Customer' and Anti-Money Laundering protocols fostered the theft" and that "[b]ut for Binance's participation, the conspiracy would not have succeeded." Opp. at 18-19. But that is not the standard for a civil conspiracy under established Texas law. Even if the allegations were true, the Supreme Court of Texas has "consistently held that there cannot be a civil conspiracy to be negligent." *Tri v. J.T.T.*, 162 S.W.3d 552, 557 (Tex. 2005). Under Texas law, civil conspiracy requires an affirmative agreement with specific intent at the outset of the combination or agreement. *See, e.g., Firestone Steel Prod. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996) ("For a civil conspiracy to arise, the parties must be aware of the harm or the wrongful conduct at the beginning of the combination or agreement. One cannot agree, expressly or tacitly, to commit a wrong about which he has no knowledge.")

Merely copying and pasting the deficient allegations from the Amended Complaint to Plaintiff's opposition brief does not change the result: Plaintiff has not "state[d] a claim to relief that is plausible on its face." *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 295 (5th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Accordingly, this Court should dismiss the civil conspiracy claim against Binance.

## CONCLUSION

For the foregoing reasons, and those discussed in its opening brief, Binance respectfully submits that this Court should dismiss Binance from this action, and dismiss Count IV, with prejudice.

Dated:  July 27, 2022

Respectfully submitted,

*/s/ Santosh Aravind*
Santosh Aravind
Texas Bar No. 24095052
**SCOTT DOUGLASS MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel:  512-495-6300
Fax: 512-495-6399
Email:  saravind@scottdoug.com

Karen R. King (pro hac pending)
Lead Attorney
New York Bar No. 3933512
**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.**
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax:  (212) 856-9494
Email:  kking@maglaw.com

*Counsel for Defendant Binance Holdings, Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by ECF on July 27, 2022:

*/s/ Santosh Aravind*
Santosh Aravind
