# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

### Civil Action No. 4:22-cv-00249-ALM

DIVYA GADASALLI, an individual,

    Plaintiff,

v.

JERRY BULASA, an individual;
DONG LIAN, an individual; DANYUN LIN, an individual;
TD BANK, N.A., a national banking association;
ABACUS FEDERAL SAVINGS BANK, a federal savings bank;
BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; and
POLONIEX, LLC, a Delaware limited liability company;

    Defendants.
_____/

## **PLAINTIFF'S NOTICE OF SUPPLEMENTAL FILING**

Plaintiff DIVYA GADASALLI, an individual ("Plaintiff"), by and through undersigned counsel, hereby files this Notice of Supplemental Filing in further support of her opposition [Docket Entry No. ("DE") 37] to the Motion to Dismiss filed by Defendant BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company ("Defendant BINANCE") [DE 32], which is currently pending before this Court.

On March 27, 2023, the U.S. Commodity Futures Trading Commission (CFTC) filed in the U.S. District Court - Northern District of Illinois a civil lawsuit against, *inter alia*, Defendant BINANCE styled *CFTC v. Changpeng Zhao, Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited, and Samuel Lim*, Case No. 1:23-cv-01887 (the "*CFTC v. Binance* Lawsuit"). A copy of the Complaint in the *CFTC v. Binance* Lawsuit is attached hereto as **Exhibit "A"**.

The primary thrust of Defendant BINANCE's Motion to Dismiss in the instant matter is that the Court purportedly lacks personal jurisdiction over Defendant BINANCE. In furtherance of that argument, Defendant BINANCE denied, among other things, the importance of Plaintiff's allegations in the Amended Complaint that BINANCE and its Chief Executive Officer Changpeng Zhao

encourage accountholders to help conceal BINANCE's jurisdictional connection to the United States through the strategic use of Virtual Privacy Networks ("VPNs") that obscure traders' locations as a way to evade regulatory and jurisdictional scrutiny. *See*, *e.g.*, Amended Complaint [DE 24] at ¶¶ 46-59.

In the *CFTC v. Binance* Lawsuit, the CFTC corroborated Plaintiff's allegations by demonstrating the wide-ranging extent of Defendant BINANCE's presence in the United States -- including through the use of VPNs.[1] For example, according to the *CFTC v. Binance* Lawsuit, Defendant BINANCE's former Chief Compliance Officer Samuel Lim has been credited with the following statements:

> [I]n a July 8, 2019, conversation regarding customers that ought to have been "restricted" from accessing the Binance platform, Lim explained to a subordinate: "they can use vpn but we are not supposed to tell them that . . . it cannot come from us . . . but we can always inform our friends/third parties to post (not under the umbrella of Binance) hahah."

*CFTC v. Binance* Lawsuit - Complaint at ¶ 119.

> Because if US users get on .com we become subjected to the following US regulators, fincen ofac and SEC. But as best we can we try to ask our users to use VPN or ask them to provide (if there are an entity) non-US documents. On the surface we cannot be seen to have US users but in reality we should get them through other creative means.

*CFTC v. Binance* Lawsuit - Complaint at ¶ 120.

Plaintiff submits that the *CFTC v. Binance* Lawsuit -- which addressed in great detail many of the same issues disputed by the parties in the instant matter -- is instructive to the Court's proper resolution of Defendant BINANCE's pending Dispositive Motion.

---

[1] *See*, *e.g.*, *CFTC v. Binance* Lawsuit - Complaint at ¶¶ 72-81 ("Binance's Presence in the United States"); ¶¶ 82-88 ("Zhao Controls Binance and Operates Binance as a Common Enterprise"); ¶¶ 89-107 ("Binance's Superficial Efforts to Limit Trading by United States Customers and Internal Recognition That Its Compliance Program Was Just 'For Show'"); ¶¶ 108-114 ("Binance Was Aware of United States Regulatory Requirements and Ignored Them"); ¶¶ 115-122 ("Binance Has Guided United States Customers to Evade Its Compliance Controls Through the Use of VPNs and Other Creative Means"); ¶¶ 123-136 ("Binance Has Directed Its VIP Customers to Evade Compliance Controls, Including Through Submission of 'New' KYC Documents"); and ¶¶ 137-140 ("Binance Knowingly Concealed the Presence of United States Customers In Internal Documents and Data").

SILVER MILLER
4450 NW 126th Avenue - Suite 101 • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Civil Action No. 4:22-cv-00249-ALM

Respectfully submitted,

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone:    (954) 516-6000

By: _/s/ David C. Silver_
   DAVID C. SILVER
   Florida Bar No. 572764
   E-mail: DSilver@SilverMillerLaw.com

   *Counsel for Plaintiff Divya Gadasalli*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __27th__ day of March 2023 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **SANTOSH ARAVIND, ESQ.**, SCOTT DOUGLASS MCCONNICO LLP, *Counsel for Binance Holdings, Ltd.*, 303 Colorado Street - Suite 2400, Austin, TX 78701, E-mail: SAravind@ScottDoug.com; and **KAREN R. KING, ESQ.**, MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C., *Counsel for Defendant Binance Holdings, Ltd.*, 565 Fifth Avenue, New York, New York 10017, E-mail: kking@maglaw.com.

   _/s/ David C. Silver_
   DAVID C. SILVER