UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DIVYA GADASALLI, an individual, | Case No. 4-22:CV-00249 |
| Plaintiff, | Hon. Amos L. Mazzant, III |
| - v. - | |
| JERRY BULASA, an individual; DONG LIAN, an individual; DANYUN LIN, an individual; TD BANK, N.A., a national banking association; ABACUS FEDERAL SAVINGS BANK, a federal savings bank; BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; and POLONIEX, LLC, a Delaware limited liability company, | |
| Defendants. | |

**DEFENDANT BINANCE HOLDINGS LTD'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL FILING**

On March 27, 2023, plaintiff made a supplemental filing in further support of her opposition to Binance Holdings Ltd.'s ("Binance") Motion to Dismiss the Amended Complaint (ECF No. 32) that has been fully briefed since July 27, 2022. The supplemental filing informs this Court of an unrelated lawsuit filed last week by the U.S. Commodity Futures Trading Commission ("CFTC") in the Northern District of Illinois against Binance. Plaintiff argues that certain allegations in that complaint "corroborate" plaintiff's allegations in this case that users in the United States have access to the Binance.com platform through Virtual Privacy Networks ("VPNs"), and that Binance encourages the use of VPNs in an effort to "evade regulatory and jurisdictional scrutiny" (ECF No. 40 at 2). The CFTC complaint, and plaintiff's supplemental

filing, is irrelevant to the pending motion and does not address the fatal defects in plaintiff's pleading with respect to personal jurisdiction.

As a threshold matter, allegations in a civil complaint are mere allegations, not established facts. Thus, contrary to plaintiff's assertions, allegations by a party in another, unrelated, lawsuit cannot "corroborate" plaintiff's claims in this action.

In any event, this allegation of VPN usage is not new. It was included in the Amended Complaint (ECF No. 24, at ¶¶ 47-53), and addressed in the motion papers on Binance's motion to dismiss. (ECF Nos. 32 and 39). As previously discussed, the allegation that unidentified persons within the United States accessed Binance.com through VPNs is inconsequential to the jurisdiction issue because even if true, such access would not give rise to general or specific personal jurisdiction over Binance in Texas.

There is no dispute that Binance is a foreign corporation that is neither incorporated nor has its principal place of business in Texas (indeed, not even in the United States); there are no allegations that Binance has any offices, employees, property, or continuous contacts with Texas. Accordingly, plaintiff does not, and cannot, show that Binance is "at home" in Texas, as required under Supreme Court and Fifth Circuit precedent. *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014); *Frank v. P N K (Lake Charles) L.L.C*, 947 F.3d 331, 339 (5th Cir. 2020). As the Supreme Court has long held, "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984); *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Multiple courts have found that Binance is not subject to general jurisdiction in the United States. *See, e.g.*, *Miro v. Doe*, No. 22-cv-80399 (RS), (S.D. Fla. Mar. 31, 2023) (ECF No.

33); *Guarini v. Doe,* No. 21-cv-81890 (DMM) (S.D. Fla. Apr. 5, 2022) (ECF No. 25); *Reynolds v. Binance Holdings Ltd.,* 481 F. Supp. 3d 997 (N.D. Cal. 2020); *see also Cox v. CoinMarketCap OpCo* LLC, No. 21-cv-8197 (SMB) (D. Ariz. Feb. 10, 2023) (ECF No. 84).

Plaintiff's suggestion that Binance's alleged support of VPN usage establishes jurisdiction (in Texas) for purposes of this action is illogical, wildly speculative, and conclusory. The supplemental filing does not explain how support of VPN has any connection to Texas, and even if there are users in Texas who accessed Binance through VPN, the mere existence of customers in a jurisdiction does not establish general jurisdiction. *Miro*, No. 22-cv-80399, at *4-*5 (finding factual allegations that Binance accounts "are easily opened anonymously including by users in the United States" were mere "conclusory allegations" that failed to establish general or specific jurisdiction); *Guarini*, No. 21-cv-81890, at *6 (finding court lacked general jurisdiction over Binance because factual allegations about "customers' use of [Binance's] services in the United States is woefully inadequate to support the exercise of general jurisdiction over [Binance]."); *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.,* 66 F. Supp. 3d 813, 822 (E.D. Tex. 2014) (holding that "doing business with persons in a particular district is not enough to satisfy the requirement of general jurisdiction that the corporation's contacts with the forum be so continuous and systematic as to render the corporation essentially at home in the forum." (citing *Daimler,* 571 U.S. at 139)).

Plaintiff does not even attempt to argue that these same allegations give rise to specific jurisdiction over Binance in Texas. This is not surprising, considering none of the allegations cited in the supplemental filing relate to Texas or any of the parties or transactions in this action. There remains no allegation that Binance purposefully directed its activities to Texas or that plaintiff's

alleged harm arose from any Binance business in Texas. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Indeed, two federal courts in Florida (the most recent dated last Friday) have now dismissed similar complaints filed by plaintiff's counsel here, finding allegations that an unidentified number of U.S.-based individuals use VPN software to access Binance and that Binance sponsored public service videos encouraging viewers to do their own research on cryptocurrency "failed to provide anything more than conclusory allegations of attenuated contacts to Florida, if any." *Miro,* 22-cv-80399, at *5; *see also Guarini*, No. 21-cv-81890, at *2, *6.

For the foregoing reasons, Binance respectfully submits that this Court should also dismiss Binance from this action.

Dated: April 4, 2023

Respectfully submitted,

*/s/ Santosh Aravind*
Santosh Aravind
Texas Bar No. 24095052
**SCOTT DOUGLASS MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel:  512-495-6300
Fax: 512-495-6399
Email:  saravind@scottdoug.com

Karen R. King (pro hac pending)
Lead Attorney
New York Bar No. 3933512
**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.**
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax:  (212) 856-9494
Email:  kking@maglaw.com

*Counsel for Defendant Binance Holdings, Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by ECF on Abril 4, 2023.

<u>*/s/ Santosh Aravind*</u>
Santosh Aravind